UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
YUE WANG (aka Yugi Wang and Tue Wang),    :    **ECF CASE**
WEI SHEN, JICHENG YAO, and                          :
JING REN CHEN (aka Baozhong Li),               :
                                                        :
                      Plaintiffs,              :    2005 CIV. 4679 (CBM)
                                                        :
           -against-                             :
                                                        :
CITY OF NEW YORK,                              :    **COMPLAINT**
POLICE OFFICER STEVEN MELLUSO        :    **and**
(Shield No. 06892),                              :    **DEMAND FOR JURY**
POLICE OFFICER THOMAS CARAMORE    :    **TRIAL**
(Shield No. 21710),                              :
POLICE OFFICER MICHAEL JOHNSON       :
(Tax Registry No. 895585),                     :
POLICE OFFICER ROBERT KURKOWSKI   :
(Shield No. 31901),                              :
POLICE OFFICER NIGUEL VEGA             :
(Tax Registry No. 933448),                     :
POLICE OFFICER NEAL LECLERC            :
(Shield No. 02961),                              :
POLICE OFFICER KAREN FERRARA         :
(Tax Registry No. 933776),                     :
POLICE OFFICER DANIEL MCNALLY        :
(Tax Registry No. 933987),                     :
POLICE OFFICER CHARLES CONNORS     :
(Tax Registry No. 889785),                     :
POLICE OFFICER JOHN REILLY              :
(Tax Registry No. 934101),                     :
POLICE OFFICER MARK DUDZIEC           :
(Tax Registry No. 885563),                     :
POLICE OFFICER PATRICK QUIGLEY       :
(Tax Registry No. 934081),                     :
                                                        :
                      Defendants.              :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1

**COMPLAINT and DEMAND FOR JURY TRIAL**
**(CIVIL RIGHTS)**
**JURISDICTION**

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under 28 U.S.C. §§ 1331(a) and 1343(3).  Plaintiffs also invoke the supplemental jurisdiction of this Court.  (28 U.S.C. § 1367).

2.  Plaintiffs demand jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**VENUE**

3.  Venue is properly laid within the Southern District of the State of New York as the acts complained of by the Plaintiffs were committed by the Defendants or occurred within said District or Defendant resides in said District.

**PARTIES**

4.  Plaintiff YUE WANG (aka Yugi Wang and Tue Wang), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

5.  Plaintiff WEI SHEN, a Chinese male, at all times material hereto, was a permanent resident of the United States and resident of the City of New York and State of New York.

6.  Plaintiff JICHENG YAO, a Chinese male, at all times material hereto, was a permanent resident or a citizen of the United States and resident of the City of New York and State of New York.

2

7.  Plaintiff JING REN CHEN (aka Baozhong Li), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

8.  Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

9.  The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK, and is the employer of Defendants POLICE OFFICER STEVEN MELLUSO (Shield No. 06892), POLICE OFFICER THOMAS CARAMORE (Shield No. 21710), POLICE OFFICER MICHAEL JOHNSON (Tax Registry No. 895585), POLICE OFFICER ROBERT KURKOWSKI (Shield No. 31901), POLICE OFFICER NIGUEL VEGA (Tax Registry No. 933448), POLICE OFFICER NEAL LECLERC (Shield No. 02961), POLICE OFFICER KAREN FERRARA (Tax Registry No. 933776), POLICE OFFICER DANIEL MCNALLY (Tax Registry No. 933987), POLICE OFFICER CHARLES CONNORS (Tax Registry No. 889785), POLICE OFFICER JOHN REILLY (Tax Registry No. 934101), POLICE OFFICER MARK DUDZIEC (Tax Registry No. 885563), POLICE OFFICER PATRICK QUIGLEY.  Defendant CITY OF NEW YORK is responsible for the acts of Defendants MELLUSO, CARAMORE, JOHNSON, KURKOWSKI, VEGA, LECLERC, FERRARA, MCNALLY, CONNORS, REILLY, DUDZIEC, and QUIGLEY while employed by the New York City Police Department and acting within the scope of their employment.

10.  Defendant POLICE OFFICER STEVEN MELLUSO (Shield No. 06892), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the

3

scope of his employment.

11.   Defendant POLICE OFFICER THOMAS CARAMORE (Shield No. 21710), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

12.   Defendant POLICE OFFICER MICHAEL JOHNSON (Tax Registry No. 895585), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

13.   Defendant POLICE OFFICER ROBERT KURKOWSKI (Shield No. 31901), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

14.   Defendant POLICE OFFICER NIGUEL VEGA (Tax Registry No. 933448), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

15.   Defendant POLICE OFFICER NEAL LECLERC (Shield No. 02961), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

16.   Defendant POLICE OFFICER KAREN FERRARA (Tax Registry No.

933776), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in her individual capacity and under color of state law and within the scope of her employment.

17.  Defendant POLICE OFFICER DANIEL MCNALLY (Tax Registry No. 933987), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

18.  Defendant POLICE OFFICER POLICE OFFICER CHARLES CONNORS (Tax Registry No. 889785), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

19.  Defendant POLICE OFFICER JOHN REILLY (Tax Registry No. 934101), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

20.  Defendant POLICE OFFICER MARK DUDZIEC (Tax Registry No. 885563), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

21.  Defendant POLICE OFFICER PATRICK QUIGLEY (Tax Registry No. 934081), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and

within the scope of his employment.

**FACTS UPON WHICH RELIEF IS CLAIMED**

**YUE WANG**

22.  On or about February 17, 2004, at approximately 7:00 p.m., in front of 220 West 42nd Street, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

23.  On or about February 17, 2004, at approximately 7:00 p.m.,  in front of 220 West 42nd Street, in the County, City and State of New York, Defendant Police Officer Steven Melluso (Shield No. 06892) improperly and wrongly asked Plaintiff Yue Wang for his New York State Certificate of Authority.

24.  On or about February 17, 2004, at approximately 7:00 p.m.,  in front of 220 West 42nd Street, in the County, City and State of New York, Defendant Police Officer Melluso maliciously and falsely placed Plaintiff Yue Wang under arrest, without probable cause, and charged Plaintiff Yue Wang with a violation of Section 1817(d)(1) of the Tax Law of the State of New York.

25.  During the course of Plaintiff Yue Wang's arrest, Defendant Police Officer Melluso treated Plaintiff Yue Wang roughly, placing handcuffs on Plaintiff Yue Wang very tightly which injured Plaintiff Yue Wang's wrists.  As a result of the aforementioned assault in connection with Plaintiff Yue Wang's February 17, 2004 arrest, Plaintiff Yue Wang was physically injured and suffered bruising, swelling and pain to his wrists, fingers and arms due to the actions of Defendant Police Officer Melluso.

26.   While Plaintiff Yue Wang was in custody in connection with his February 17, 2004 arrest, items of his personal property were lost and/or destroyed by Defendants and have never been recovered.

27.   On or about February 17, 2004, Defendant Melluso caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004CN001379, charging Plaintiff Yue Wang with a violation of Section 1817(d)(1) of the Tax Law of the State of New York.  Said case was dismissed in its entirety on or about August 18, 2004.

28.   As a result of his February 17, 2004 arrest, Plaintiff Yue Wang spent time in the custody of Defendants, as well as in the custody of the New York City Police Department and the New York City Department of Correction.

29.   As a result of his February 17, 2004 arrest, Plaintiff Yue Wang spent time handcuffed and/or in jail cells.

30.   As a result of his February 17, 2004 arrest, Plaintiff Yue Wang spent approximately 22 hours in custody.  During the time Plaintiff Yue Wang was in custody he suffered from hunger and thirst.  Plaintiff Yue Wang suffered pain, discomfort, and emotional distress during the time he was held in custody and for a period of time thereafter.

31. As a result of his February 17, 2004 arrest and the resultant Criminal Court case, Plaintiff Yue Wang appeared in the Criminal Court of the City of New York on or about February 18, 2004.

32.   Defendants City of New York and Melluso committed the above actions and engaged in the conduct described above with regard to Plaintiff Yue Wang's February 17, 2004

arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yue Wang in violation of his constitutional and civil rights.

33.  On or about August 18, 2004, all charges against Plaintiff Yue Wang with regard to his February 17, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County, Plaintiff Yue Wang having received an adjournment in contemplation of dismissal (i.e., and "ACD") on February 18, 2004.

34.  The charges against Plaintiff Yue Wang with regard to his February 17, 2004 arrest were wholly resolved in his favor.

35.  With regard to Plaintiff Yue Wang's February 17, 2004 arrest, Defendants City of New York and Police Officer Melluso were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Yue Wang.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

36.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yue Wang's February 17, 2004 arrest.

37.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yue Wang's February 17, 2004 arrest.

38.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yue Wang's February 17, 2004 arrest, Plaintiff Yue Wang suffered assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation,

embarrassment and insult, loss of income, and loss of personal property.

39.  On or about November 5, 2004, at approximately 11:00 p.m., at 1515 Broadway, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

40.  On or about November 5, 2004, at approximately 11:00 p.m., at 1515 Broadway, in the County, City and State of New York, Defendant Police Officer Thomas Caramore (Shield No. 21710), improperly and wrongly asked Plaintiff Yue Wang for his New York State Certificate of Authority.

41.  On or about November 5, 2004, at approximately 11:00 p.m., at 1515 Broadway, in the County, City and State of New York, Defendant Police Officer Caramore maliciously and falsely placed Plaintiff Yue Wang under arrest, without probable cause, and charged Plaintiff Yue Wang with a violation of Section 1817(d)(1) of the Tax Law of the State of New York.

42.  During the course of Plaintiff Yue Wang's arrest, Defendant Police Officer Caramore treated Plaintiff Yue Wang roughly, placing handcuffs on Plaintiff Yue Wang very tightly which injured Plaintiff Yue Wang's wrists.  As a result of the aforementioned assault in connection with Plaintiff Yue Wang's November 5, 2004 arrest, Plaintiff Yue Wang was physically injured and suffered bruising, swelling and pain to his wrists, fingers and arms due to the actions of Defendant Police Officer Melluso.

43.  While Plaintiff Yue Wang was in custody in connection with his November 5, 2004 arrest, items of his personal property were lost and/or destroyed by Defendants and have never been recovered.

9

44.  On or about November 5, 2004, Defendant Caramore caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004NY082126, charging Plaintiff Yue Wang with a violation of Section 1817(d)(1) of the Tax Law of the State of New York.  Said case was dismissed in its entirety on or about May 5, 2005.

45.  As a result of his November 5, 2004 arrest, Plaintiff Yue Wang spent time in the custody of Defendants, as well as in the custody of the New York City Police Department and the New York City Department of Correction.

46.  As a result of his November 5, 2004 arrest, Plaintiff Yue Wang spent time handcuffed and/or in jail cells.

47.  As a result of his November 5, 2004 arrest, Plaintiff Yue Wang spent approximately 13 hours in custody.  Plaintiff Yue Wang suffered pain, discomfort, and emotional distress during the time he was held in custody and for a period of time thereafter.

48. As a result of his November 5, 2004 arrest and the resultant Criminal Court case, Plaintiff Yue Wang appeared in the Criminal Court of the City of New York on or about November 6, 2004.

49.  Defendants City of New York and Caramore committed the above actions and engaged in the conduct described above with regard to Plaintiff Yue Wang's November 5, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yue Wang in violation of his constitutional and civil rights.

50.  On or about May 5, 2005, all charges against Plaintiff Yue Wang with regard to his November 5, 2004 arrest were dismissed in the Criminal Court of the City of New York,

New York County, Plaintiff Yue Wang having received an adjournment in contemplation of dismissal (i.e., and "ACD") on November 6, 2004.

51.  The charges against Plaintiff Yue Wang with regard to his November 5, 2004 arrest were wholly resolved in his favor.

52.  With regard to Plaintiff Yue Wang's November 5, 2004 arrest, Defendants City of New York and Police Officer Caramore were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Yue Wang.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

53.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yue Wang's November 5, 2004 arrest.

54.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yue Wang's November 5, 2004 arrest.

55.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yue Wang's November 5, 2004 arrest, Plaintiff Yue Wang suffered assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**PLAINTIFF WEI SHEN**

56.  On or about May 29, 2004, at approximately 6:00 p.m., at 1501 Broadway, in the County, City and State of New York, WEI SHEN a visual artist, was at said location for the

lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

57.  On or about  May 29, 2004, at approximately 6:00 p.m., at 1501 Broadway, in the County, City and State of New York, Defendant Police Officer Michael Johnson (Tax Registry No. 895585) improperly and wrongly accused Plaintiff Wei Shen with a violation of Section 20-465(G) of the Administrative Code of the City of New York.

58.  On or about May 29, 2004, at approximately 6:00 p.m., at 1501 Broadway, in the County, City and State of New York, Defendant Police Officer Johnson maliciously and falsely arrested Plaintiff Wei Shen and issued Plaintiff Wei Shen a summons (i.e., Summons Number E 124 155 360), without probable cause, and charged Plaintiff Wei Shen with a violation of Section 20-465(G) of the Administrative Code of the City of New York.

59.  On or about May 29, 2004, Defendant Johnson caused to be docketed in the Environmental Control Board of the City of New York, County of New York, a complaint, under Summons Number E 140 564 912 charging Plaintiff Wei Shen with a violation of Section 20-465(G) of the Administrative Code of the City of New York.  Said case was dismissed in its entirety as a result of a hearing held at the Environmental Control Board on or about June 28, 2004.

60. As a result of his May 29, 2004 arrest and the resultant Environmental Control Board case, Plaintiff Wei Shen appeared in the Environmental Control Board of the City of New York, New York County, on June 28, 2004.

61.  Defendants City of New York and Johnson committed the above actions and engaged in the conduct described above with regard to Plaintiff Wei Shen's June 28, 2004 arrest

for the common purpose of implementing the false and illegal arrest of Plaintiff Wei Shen in violation of his constitutional and civil rights.

62. On or about June 28, 2004, all charges against Plaintiff Wei Shen with regard to his May 29, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County.

63. The charges against Plaintiff Wei Shen with regard to his May 29, 2004 arrest were wholly resolved in his favor.

64. With regard to Plaintiff Wei Shen's May 29, 2004 arrest, Defendants City of New York and Police Officer Johnson were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Wei Shen.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

65. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Wei Shen's May 29, 2004 arrest.

66. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Wei Shen's May 29, 2004 arrest.

67. As a direct and proximate consequence of the matters alleged with regard to Plaintiff Wei Shen's May 29, 2004 arrest, Plaintiff Wei Shen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

68. On or about October 3, 2004, at approximately 10:00 p.m., at Broadway and

West 45th Street, in the County, City and State of New York, WEI SHEN a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

69.  On or about October 3, 2004, at approximately 10:00 p.m., at Broadway and West 45th Street, in the County, City and State of New York, Plaintiff Wei Shen was drawing the portrait of an individual when Defendant Police Officer Robert Kurkowski (Shield No. 31901) improperly and wrongly told said individual that the portrait Plaintiff Wei Shen was drawing should be free.  Plaintiff Wei Shen, who is not fully conversant in the English language, did not understand what Defendant Police Officer Kurkowski meant by what he had said.  Before beginning the individuals's portrait, Plaintiff Wei Shen and the individual had entered into a contract whereby Plaintiff Wei Shen would draw the individual's portrait in exchange for the individual paying Plaintiff Wei Shen for the portrait in United States currency.  After Plaintiff Wei Shen finished drawing this individual's portrait, the individual took the portrait from Plaintiff Wei Shen without paying for it and walked away.  Plaintiff Wei Shen attempted to go after said individual but was prevented from doing so by Defendant Police Officer Kurkowski. As a result of Defendant Police Officer Kurkowski's malicious and improper interference, Plaintiff Wei Shen as deprived of his property and his income.

70.  During the course of the October 3, 2004 incident, Plaintiff Wei Shen did not do anything improper or illegal, and Defendant Police Officer Kurkowski did not arrest Plaintiff Wei Shen or issue any summonses to Plaintiff Wei Shen.

71.  Defendants City of New York and  Kurkowski committed the above actions

14

and engaged in the conduct described above with regard to the October 3, 2004 incident regarding Plaintiff Wei Shen for the common purpose of violating Plaintiff Wei Shen's constitutional and civil rights.

72.  With regard to the October 3, 2004 incident regarding Plaintiff Wei Shen, Defendants City of New York and Police Officer Kurkowski were without justification.  Said Defendants are responsible for their acts and for the results flowing from their acts and caused by them.

73.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with and/or arresting artists in facts and circumstances similar to those alleged with regard to the October 3, 2004 incident regarding Plaintiff Wei Shen.

74.  Defendant City of New York engages in a policy, practice, pattern and/or custom of interfering with and arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Wei Shen's October 3, 2004 incident.

75.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Wei Shen's October 16, 2004 arrest, Plaintiff Wei Shen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

76.  On or about October 16, 2004, at approximately 9:00 p.m., in front of 729 7th Avenue, in the County, City and State of New York, WEI SHEN a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

77.  On or about October 16, 2004, at approximately 9:00 p.m., in front of 729 7th

Avenue, in the County, City and State of New York, Defendant Police Officer Niguel Vega (Tax Registry No. 933448) improperly and wrongly accused Plaintiff Wei Shen with a violation of Section 20-465.1(g) of the Administrative Code of the City of New York.

78.  On or about October 16, 2004, at approximately 9:00 p.m., in front of 729 7th Avenue, in the County, City and State of New York, Defendant Police Officer Vega maliciously and falsely arrested Plaintiff Wei Shen and issued Plaintiff Wei Shen a summons (i.e., Summons Number 423329410-3), without probable cause, and charged Plaintiff Wei Shen with a violation of Section 20-465.1(g) of the Administrative Code of the City of New York.

79.  On or about October 16, 2004, Defendant Vega caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Summons Number 423329410-3 (Docket No. 2004SC016221), charging Plaintiff Wei Shen with a violation of Section 20-465.1(g) of the Administrative Code of the City of New York.  Said case was dismissed in its entirety in the Criminal Court of the City of New York on or about December 21, 2004.

80. As a result of his October 16, 2004 arrest and the resultant Criminal Court case, Wei Shen appeared in the Criminal Court of the City of New York, New York County, on or about December 21, 2004.

81.  Defendants City of New York and Vega committed the above actions and engaged in the conduct described above with regard to Plaintiff Wei Shen's October 16, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Wei Shen in violation of his constitutional and civil rights.

82.  On or about December 21, 2004, all charges against Plaintiff Wei Shen with

16

regard to his October 16, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

83.  The charges against Plaintiff Wei Shen with regard to his October 16, 2004 arrest were wholly resolved in his favor.

84.  With regard to Plaintiff Wei Shen's October 16, 2004 arrest, Defendants City of New York and Police Officer Vega were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Wei Shen.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

85.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Wei Shen's October 16, 2004 arrest.

86.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Wei Shen's October 16, 2004 arrest.

87.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Wei Shen's October 16, 2004 arrest, Plaintiff Wei Shen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**PLAINTIFF JICHENG YAO**

88.  On or about May 13, 2004, at approximately 5:45 p.m., at 1528 Broadway, near West 47th Street, in the County, City and State of New York, PLAINTIFF JICHENG YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits

and drawing portraits of passers-by to sell to them.

89.  On or about May 13, 2004, at approximately 5:45 p.m., at 1528 Broadway, near West 47th Street, in the County, City and State of New York, Defendant Police Officer Neal Leclerc (Shield No. 02961) improperly and wrongly asked Plaintiff Yao for his New York State Certificate of Authority.

90.  On or about May 13, 2004, at approximately 5:45 p.m., at 1528 Broadway, near West 47th Street, in the County, City and State of New York, Defendant Police Officer Leclerc maliciously and falsely placed Plaintiff Yao under arrest, without probable cause, and charged Plaintiff Yao with Forgery in the Third Degree in violation of Section 170.05 of the Penal Law of the State of New York.

91.  During the course of Plaintiff Yao's arrest, Defendant Police Officer Leclerc treated Plaintiff Yao roughly, pushing, proding and/or hitting Plaintiff Yao and placing handcuffs on Plaintiff Yao very tightly which injured Plaintiff Yao's wrists.  When Plaintiff Yao complained to Defendant Police Officer Leclerc that the handcuffs were too tight Defendant Police Officer Leclerc tightened the handcuffs even more.  As a result of the aforementioned assault in connection with Plaintiff Yao's May 13, 2004 arrest, Plaintiff Yao was physically injured and suffered bruising, swelling and pain to his wrists, fingers and arms due to the actions of Defendant Police Officer Leclerc.

92.  During the course of Plaintiff Yao's arrest, Defendant Police Officer Leclerc made one or more discriminatory remarks to Plaintiff Yao and/or within the hearing of Plaintiff Yao to the effect that he (i.e., Defendant Police Officer Leclerc) hated Chinese people.  As a result of Defendant Police Officer Leclerc's remark(s), Plaintiff Yao suffered embarrassment and

anguish, humiliation, and emotional distress.

93.  While Plaintiff Yao was in custody in connection with his May 13, 2004 arrest, items of his personal property were lost and have never been recovered.  The items of property which have not been lost include, but are not limited to, sample portraits and a folding stool.

94.  On or about May 13, 2004, Defendant Leclerc caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004CN004316, charging Plaintiff Yao with Forgery in the Third Degree in violation of Section 170.05 of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about October 13, 2004.

95.  As a result of his May 13, 2004 arrest, Plaintiff Yao spent time in the custody of Defendants, as well as in the custody of the New York City Police Department and the New York City Department of Correction.

96.  As a result of his May 13, 2004 arrest, Plaintiff Yao spent time handcuffed and/or in jail cells.

97.  As a result of his May 13, 2004 arrest, Plaintiff Yao spent approximately 22 hours in custody.  During the time Plaintiff Yao was in custody he suffered from the cold and hunger.  Plaintiff Yao suffered pain, discomfort, and emotional distress during the time he was held in custody and for a period of time thereafter.

98. As a result of his May 13, 2004 arrest and the resultant Criminal Court case, Plaintiff Yao appeared numerous times and spent many hours in the Criminal Court of the City of New York from approximately May 13, 2004 through October 13, 2004.

19

99.  Defendants City of New York and Leclerc committed the above actions and engaged in the conduct described above with regard to Plaintiff Yao's May 13, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yao in violation of his constitutional and civil rights.

100.  On or about October 13, 2004, all charges against Plaintiff Yao with regard to his May 13, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

101.  The charges against Plaintiff Yao with regard to his May 13, 2004 arrest were wholly resolved in his favor.

102.  With regard to Plaintiff Yao's May 13, 2004 arrest, Defendants City of New York and Police Officer Leclerc were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiff Yao.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

103.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yao's May 13, 2004 arrest.

104.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yao's May 13, 2004 arrest.

105.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yao's May 13, 2004 arrest, Plaintiff Yao suffered assault, physical injury and disability,

physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

106.  On or about August 13, 2004, at approximately 10:50 p.m., at West 44th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

107.  On or about August 13, 2004, at approximately 10:50 p.m., at West 44th Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Karen Ferrara (Tax Registry No. 933776) improperly and wrongly accused Plaintiff Yao of obstructing pedestrian traffic.

108.  On or about August 13, 2004, at approximately 10:50 p.m., at West 44th Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Ferrara maliciously and falsely arrested Plaintiff Yao and issued Plaintiff Yao a summons (i.e., Summons Number 423219123-9), without probable cause, and charged Plaintiff Yao with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

109.  On or about August 13, 2004, Defendant Ferrara caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004SC012041 charging Plaintiff Yao with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about September 14, 2004.

110. As a result of his August 13, 2004 arrest and the resultant Criminal Court case, Plaintiff Yao appeared in the Criminal Court of the City of New York on September 14,

2004.

111.   Defendants City of New York and Ferrara committed the above actions and engaged in the conduct described above with regard to Plaintiff Yao's August 13, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yao in violation of his constitutional and civil rights.

112.   On or about September 14, 2004, all charges against Plaintiff Yao with regard to his August 13, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

113.   The charges against Plaintiff Yao with regard to his August 13, 2004 arrest were wholly resolved in his favor.

114.   With regard to Plaintiff Yao's August 13, 2004 arrest, Defendants City of New York and Police Officer Ferrara were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Yao.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

115.   Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yao's August 13, 2004 arrest.

116.   Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yao's August 13, 2004 arrest.

117.   As a direct and proximate consequence of the matters alleged with regard to

Plaintiff Yao's August 13, 2004 arrest, Plaintiff Yao suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

118.  On or about August 14, 2004, at approximately 6:24 p.m., at West 46th Street and Broadway, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

119.  On or about August 14, 2004, at approximately 6:24 p.m., at West 46th Street and Broadway, in the County, City and State of New York, Defendant Police Officer Daniel McNally (Tax Registry No. 933987) improperly and wrongly accused Plaintiff Yao of blocking pedestrian traffic.

120.  On or about August 14, 2004, at approximately 6:24 p.m., at West 46th Street and Broadway, in the County, City and State of New York, Defendant Police Officer McNally maliciously and falsely arrested Plaintiff Yao and issued Plaintiff Yao a summons (i.e., Summons Number 423050790-2), without probable cause, and charged Plaintiff Yao with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.

121.  On or about August 14, 2004, Defendant Daniel G. (Tax Registry No. 933987) caused to be docketed in the Criminal Court of the City of New York, County of New York, a complaint, under Docket Number 2004SC012042 charging Plaintiff Yao with Disorderly Conduct in violation of Section 240.20(5) of the Penal Law of the State of New York.  Said case was dismissed in its entirety on or about March 15, 2005, Plaintiff Yao having received an adjournment in contemplation of dismissal (i.e., an "ACD")on or about September 14, 2004.

122. As a result of his August 14, 2004 arrest and the resultant Criminal Court

23

case, Plaintiff Yao appeared in the Criminal Court of the City of New York on September 14, 2004.

123.  Defendants City of New York and Daniel G. (Tax Registry No. 933987) committed the above actions and engaged in the conduct described above with regard to Plaintiff Yao's August 14, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yao in violation of his constitutional and civil rights.

124.  On or about March 15, 2005, all charges against Plaintiff Yao with regard to his August 14, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

125.  The charges against Plaintiff Yao with regard to his August 14, 2004 arrest were wholly resolved in his favor.

126.  With regard to Plaintiff Yao's August 14, 2004 arrest, Defendants City of New York and Police Officer McNally were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Yao.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

127.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yao's August 14, 2004 arrest.

128.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yao's August 14, 2004 arrest.

24

129.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yao's August 14, 2004 arrest, Plaintiff Yao suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

130.  On or about October 7, 2004, at approximately 6:27 p.m., at West 42nd Street and Broadway, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

131.  On or about October 7, 2004, at approximately 6:27 p.m., at West 42nd Street and Broadway, in the County, City and State of New York, Defendant Police Officer Charles Connors (Tax Registry No. 889785) improperly and wrongly accused Plaintiff Yao with a violation of Section 20-465(1) of the General Vendor Provisions of the Administrative Code of the City of New York, which is a non-existent provision of the law.

132.  On or about October 7, 2004, at approximately 6:27 p.m., at West 42nd Street and Broadway, in the County, City and State of New York, Defendant Police Officer Connors (Tax Registry No. 889785) maliciously and falsely arrested Plaintiff Yao and issued Plaintiff Yao a summons (i.e., Summons Number E 140 564 912), without probable cause, and charged Plaintiff Yao with a violation of Section 20-465(1) of the General Vendor Provisions of the Administrative Code of the City of New York.

133.  On or about August 13, 2004, Defendant O Connors (Tax Registry No. 889785) caused to be docketed in the Environmental Control Board of the City of New York, County of New York, a complaint, under Summons Number E 140 564 912 charging Plaintiff Yao with a violation of Section 20-465(1) of the General Vendor Provisions of the

Administrative Code of the City of New York.  Said case was dismissed in its entirety on or about October 13, 2004.

134. As a result of his October 7, 2004 arrest and the resultant Environmental Control Board case, Plaintiff Yao appeared in the Environmental Control Board of the City of New York, New York County, on October 13, 2004.

135.  Defendants City of New York and O Connors (Tax Registry No. 889785) committed the above actions and engaged in the conduct described above with regard to Plaintiff Yao's October 7, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Yao in violation of his constitutional and civil rights.

136.  On or about October 13, 2004, all charges against Plaintiff Yao with regard to his October 7, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County.

137.  The charges against Plaintiff Yao with regard to his October 7, 2004 arrest were wholly resolved in his favor.

138.  With regard to Plaintiff Yao's October 7, 2004 arrest, Defendants City of New York and Police Officer Connors (Tax Registry No. 889785) were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Yao.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

139.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yao's October 7, 2004 arrest.

140.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yao's October 7, 2004 arrest.

141.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yao's October 7, 2004 arrest, Plaintiff Yao suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

142.  On or about January 8, 2005, at approximately 11:00 p.m., at 701 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

143.  On or about January 8, 2005, at approximately 11:00 p.m., at 701 7th Avenue, in the County, City and State of New York, Defendant Police Officer John Reilly (Tax Registry No. 934101) improperly and wrongly accused Plaintiff Yao with a violation of Sections 20-465(L) and 20-465(N) of the General Vendor Provisions of the Administrative Code of the City of New York.

144.  On or about January 8, 2005, at approximately 11:00 p.m., at 701 7th Avenue, in the County, City and State of New York, Defendant Police Officer Reilly maliciously and falsely arrested Plaintiff Yao and issued Plaintiff Yao two summonses (i.e., Summons Numbers E 135 091 083 and E 135 091 651), without probable cause, and charged Plaintiff Yao with violations of Sections 20-465(L) and 20-465(N) of the General Vendor Provisions of the Administrative Code of the City of New York, respectively.

145.  On or about January 8, 2005, Defendant Reilly caused to be docketed in the

Environmental Control Board of the City of New York, County of New York, two complaints,

under Summons Numbers E 135 091 083 and E 135 091 651 charging Plaintiff Yao with a

violations of Section 20-465(L) and 20-465(N) of the General Vendor Provisions of the

Administrative Code of the City of New York, respectively.  Said cases were dismissed in their

entireties on or about February 3, 2005 as the result of a hearing held at the Environmental

Control Board on February 3, 2005.

146. As a result of his January 8, 2005 arrest and the resultant Environmental

Control Board cases, Plaintiff Yao appeared in the Environmental Control Board of the City of

New York, New York County, on February 3, 2005 for a hearing.

147.  Defendants City of New York and Reilly committed the above actions and

engaged in the conduct described above with regard to Plaintiff Yao's January 8, 2005 arrest for

the common purpose of implementing the false and illegal arrest of Plaintiff Yao in violation of

his constitutional and civil rights.

148.  On or about February 3, 2005, all charges against Plaintiff Yao with regard

to his January 8, 2005 arrest were dismissed in the Environmental Control Board of the City of

New York, New York County.

149.  The charges against Plaintiff Yao with regard to his January 8, 2005 arrest

were wholly resolved in his favor.

150.  With regard to Plaintiff Yao's January 8, 2005 arrest, Defendants City of

New York and Police Officer Reilly were without probable cause or justification to arrest,

charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Yao.  Said

Defendants are responsible for their acts and for the arrest, charging and prosecution caused by

28

them.

151.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Yao's January 8, 2005 arrest.

152.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Yao's January 8, 2005 arrest.

153.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Yao's January 8, 2005 arrest, Plaintiff Yao suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

### JING REN CHEN (aka Baozhong Li)

154.  On or about April 15, 2004, at approximately 8:35 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF JING REN CHEN (aka Baozhong Li), a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

155.  On or about April 15, 2004, at approximately 8:35 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Mark Dudziec (Tax Registry No. 885563) improperly and wrongly accused Plaintiff Chen with a violation of Sections 20-465(d) and 2-307(b) of the General Vendor Provisions of the Administrative Code of the City of New York.

156.  On or about April 15, 2004, at approximately 8:35 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Dudziec

maliciously and falsely arrested Plaintiff Chen and issued Plaintiff Chen two summonses (i.e., Summons Numbers E 140 521 930 and E 140 521 949), without probable cause, and charged Plaintiff Chen with violations of Sections 20-465(d) and 2-307(b) of the General Vendor Provisions of the Administrative Code of the City of New York, respectively.

157.  On or about April 15, 2004, Defendant Dudziec caused to be docketed in the Environmental Control Board of the City of New York, County of New York, two complaints, under Summons Numbers E 140 521 930 and E 140 521 949 charging Plaintiff Chen with a violations of Section 20-465(d) and 2-307(b) of the General Vendor Provisions of the Administrative Code of the City of New York, respectively.  Said cases were dismissed in their entireties on or about May 27, 2004, as the result of a hearing held at the Environmental Control Board on May 27, 2004.

158. As a result of his April 15, 2004 arrest and the resultant Environmental Control Board cases, Plaintiff Chen appeared in the Environmental Control Board of the City of New York, New York County, on May 27, 2004 for a hearing and on July 12, 2004 for a copies of the decisions in his cases.

159.  Defendants City of New York and Dudziec committed the above actions and engaged in the conduct described above with regard to Plaintiff Chen's April 15, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Chen in violation of his constitutional and civil rights.

160.  On or about May 27, 2004, all charges against Plaintiff Chen with regard to his April 15, 2004 arrest were dismissed in the Environmental Control Board of the City of New York, New York County.

161.  The charges against Plaintiff Chen with regard to his April 15, 2004 arrest were wholly resolved in his favor.

162.  With regard to Plaintiff Chen's April 15, 2004 arrest, Defendants City of New York and Police Officer Dudziec were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Chen.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

163.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to Plaintiff Chen's April 15, 2004 arrest.

164.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Chen's April 15, 2005 arrest.

165.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Chen's April 15, 2004 arrest, Plaintiff Chen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

166.  On or about August 16, 2004 and/or August 17, 2004, at approximately 12:40 a.m. and/or 1:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

167.  On or about August 16, 2004 and/or August 17, 2004, at approximately 12:40 a.m. and/or 1:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of

New York, Defendant Police Officer Patrick Quigley (Tax Registry No. 934081) improperly and wrongly accused Plaintiff Chen of failing to comply with police orders in violation of Section 103(c)(1).

168.   On or about August 16, 2004 and/or August 17, 2004, at approximately 12:40 a.m. and/or 1:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, Plaintiff Chen was trying to stand out of the rain near a building with an individual whose portrait Plaintiff Chen was finishing.   When it started to rain very heavily, the individual went to the building for some shelter and Plaintiff Chen followed him.   There was almost no one else in the street.  Plaintiff Chen was approximately one (1) minute away from finishing the drawing of the portrait when Defendant Quigley told him to go to the curb in order to finish the portrait.  The individual who was being drawn objected as it was raining heavily (a downpour) and not only would he and Plaintiff Chen get soaking wet but the portrait, which was being drawn on paper, would get ruined.  Plaintiff rushed to finish the portrait.  When Plaintiff Chen finished the portrait, he gave it to the individual for free since the portrait got somewhat wet.

169.   On or about August 16, 2004 and/or August 17, 2004, at approximately 12:40 a.m. and/or 1:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, Defendant Police Officer Quigley maliciously and falsely arrested Plaintiff Chen and issued Plaintiff Chen a summons (i.e., Summons Number 421719917-0), without probable cause, and charged Plaintiff Chen with failing to comply with police orders in violation of Section 103(c)(1).

170.  On or about August 16, 2004 and/or August 17, 2004, Defendant Quigley caused Summons Number 421719917-0 to be docketed in the Criminal Court of the City of New

York, County of New York, as a complaint, charging Plaintiff Chen with failing to comply with police orders in violation of Section 103(c)(1). Said case was dismissed in its entirety on or about October 12, 2004 as not being a legally acceptable accusatory instrument.

171. As a result of his August 16, 2004 and/or August 17, 2004 arrest and the resultant Criminal Court case, Plaintiff Chen appeared in the Criminal Court of the City of New York on (at least) September 20, 2004 and October 12, 2004 at (at least) two different locations.

172. Defendants City of New York and Quigley committed the above actions and engaged in the conduct described above with regard to Plaintiff Chen's August 16, 2004 and/or August 17, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff Chen in violation of his constitutional and civil rights.

173. On or about October 12, 2004, all charges against Plaintiff Chen with regard to his August 16, 2004 and/or August 17, 2004 arrest were dismissed in the Criminal Court of the City of New York, New York County.

174. The charges against Plaintiff Chen with regard to his August 16, 2004 and/or August 17, 2004 arrest were wholly resolved in his favor.

175. With regard to Plaintiff Chen's August 16, 2004 and/or August 17, 2004 arrest, Defendants City of New York and Police Officer Quigley were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff Chen. Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

176. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists in facts and circumstances similar to those alleged with regard to

Plaintiff Chen's August 16, 2004 and/or August 17, 2004 arrest.

177.  Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiff Chen's August 16, 2004 and/or August 17, 2004 arrest.

178.  As a direct and proximate consequence of the matters alleged with regard to Plaintiff Chen's August 16, 2004 and/or August 17, 2004 arrest, Plaintiff Chen suffered emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

179.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, for the common purpose of discouraging and chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

180.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

## **COUNT I**

(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL

SEIZURE/FALSE ARREST, EXCESSIVE FORCE, MALICIOUS PROSECUTION)

181.  Plaintiffs restate and realleges paragraphs 1 - 180 in haec verba.

182.  By the conduct alleged herein, the Defendants deprived Plaintiffs of their rights to be free from unlawful and excessive force and assault, unlawful seizure, arrest, search, detention, harassment and interference, imprisonment, and malicious prosecution as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

183.  By the conduct alleged herein, the Defendants deprived Plaintiffs of their rights to freedom of expression as secured by the First Amendment to the United States Constitution.  Further, the law under which Plaintiffs were arrested and prosecuted are vague and overbroad and thus unconstitutional and/or are unconstitutional as applied.

184.  The conduct of Defendants, and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:  The right of Plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, the right of Plaintiffs to freedom of expression under the First Amendment to the Constitution of the United States, and the right of Plaintiffs to equal protection and due process under the Fourteenth Amendment of the Constitution of the United States.

185.  Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiffs of their constitutional rights under the law.

186.  The conduct of all named Defendants as described in paragraphs 1 - 185, supra, constituted violations of Plaintiffs' civil and constitutional rights, illegal seizures and false

arrests, malicious prosecutions, illegal deprivations of their rights to free expression, and the illegal use of excessive force against Plaintiffs.

187.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

36

      f.      Enter judgment for attorneys fees and costs of this action.

      g.      Each Plaintiff demands trial by jury of all issues herein.

      h.      Grant such other relief that law and justice requires.

### COUNT II

### (CIVIL RIGHTS - POLICY, PRACTICE AND/OR CUSTOM)

188.  Plaintiffs restate and reallege paragraphs 1 - 187 in haec verba.

189.  Each of the arrests and incidents of harassment and interference of Plaintiffs were illegal and without authority of law.

190.  The conduct of all named Defendants as described in paragraphs 1 - 189, supra, were pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest and prosecute artists, and particularly artists of Asian descent, who lawfully distribute their work on the sidewalks of New York, in violation of said artists' rights under the First and Fourteenth Amendments of the United States Constitution.  Said policy, practice, pattern, and custom is reflected not only in the herein Plaintiffs multiple within arrests but in their prior illegal arrests and in the arrests of other artists as well as in Defendants' conduct, inter alia, which is the subject of the matter of Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), [see, infra, Count III, paragraphs 191 - 194].

WHEREFORE, each Plaintiff prays this Court:

      a.      Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

      b.      Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in

public places, create their artwork in public places, and/or sell their

artwork in public places

c.    Grant equitable relief enjoining Defendants from preventing and/or

trying to prevent Plaintiffs and/or other street artists from

displaying their artwork in public places, creating artwork in

public places, and/or selling their artwork in public places.

d.    Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other street artists

when they display their artwork in public places, create their

artwork in public places, and/or sell their artwork in public places.

e.    Enter judgment for attorneys fees and costs of this action.

f.    Each Plaintiff demands trial by jury of all issues herein.

g.    Grant such other relief that law and justice requires.

## COUNT III

### (CONTEMPT OF COURT)

191.  Plaintiffs restate and reallege paragraphs 1 - 190 in haec verba.

192.  Each of the incidents, arrests and prosecutions of Plaintiffs were illegal and

without authority of law.

193.  The conduct of all named Defendants as described in paragraphs 1 - 192,

supra, constituted willful and deliberate violations of the permanent injunction issued against

Defendant City of New York by the Second Circuit Court of Appeals in the matter Bery v. City

of New York, 97 F.3d 689 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997), prohibiting

Defendant City of New York from arresting and/or prosecuting artists who distributed their work on the sidewalks of New York City, in violation of said artists' rights under the First and Fourteenth Amendments of the United States Constitution.

194.  The acts, conduct and behavior of Defendants, and each of them, in disobeying the mandate of the Second Circuit Court of Appeals, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages and sanctions.

WHEREFORE, each Plaintiff prays this Court:

a.   Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for each Plaintiff as and for punitive damages and sanctions in excess of $100,000.00.

c.   Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.   Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.   Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists

39

when they display their artwork in public places, create their

artwork in public places, and/or sell their artwork in public places.

f.     Enter judgment for attorneys fees and costs of this action.

g.     Each Plaintiff demands trial by jury of all issues herein.

h.     Grant such other relief that law and justice requires.

## COUNT IV

(MALICIOUS PROSECUTION/FALSE ARREST -

SUPPLEMENTAL CLAIM)

195.  Plaintiffs restate and reallege paragraphs 1 - 194 in haec verba.

196.  This action has been commenced within one year and 90 days after the

causes of action of Plaintiffs accrued.

197.  In connection with his February 17, 2004 arrest, Plaintiff Yue Wang served

a Notice of Claim upon Defendant City of New York on May 14, 2004, which is within the

statutory period of limitations of 90 days.

198.  In connection with his April 15, 2004 arrest, Plaintiff Chen provided actual

notice to Defendant City of New York within the statutory period of limitations of 90 days.

199.  Each of the incidents regarding and arrests of Plaintiffs were illegal and

without authority of law.

200.  The conduct of all named Defendants as described in paragraphs 1 - 199,

supra, constituted malicious prosecutions and false arrests of Plaintiffs.

201.  The amount of damages sought in each of these actions exceeds the

jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction

if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.    Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.    Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.    Enter judgment for attorneys fees and costs of this action.

g.    Each Plaintiff demands trial by jury of all issues herein.

h.    Grant such other relief that law and justice requires.

## COUNT V

41

(VIOLATION OF NEW YORK STATE CONSTITUTION -

SUPPLEMENTAL CLAIM)

202.  Plaintiffs restate and reallege paragraphs 1 - 201 in haec verba.

203.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

204.  In connection with his February 17, 2004 arrest, Plaintiff Yue Wang served a Notice of Claim upon Defendant City of New York on May 14, 2004, which is within the statutory period of limitations of 90 days.

205.  In connection with his April 15, 2004 arrest, Plaintiff Chen provided actual notice to Defendant City of New York within the statutory period of limitations of 90 days.

206.  Each of the arrests of Plaintiffs were illegal and without authority of law.

207.  The conduct of all named Defendants as described in paragraphs 1 - 206, supra, constituted violations of New York State constitutional law in that Defendants intentionally and deliberately interfered with Plaintiffs' rights under Article 1 Section 8 of the Constitution of the State of New York guaranteeing freedom of speech and expression and Plaintiffs' rights under Article 1 Section 11 of the Constitution of the State of New York guaranteeing equal protection under the law.

208.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.      Enter judgment for each Plaintiff as and for compensatory

damages in excess of $100,000.00.

b.      Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.      Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## **COUNT VI**

### (CONVERSION -

### SUPPLEMENTAL CLAIM)

209.  Plaintiffs restate and reallege paragraphs 1 - 208 <u>in haec verba</u>.

210.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

211.  In connection with his February 17, 2004 arrest, Plaintiff Yue Wang served a Notice of Claim upon Defendant City of New York on May 14, 2004, which is within the statutory period of limitations of 90 days.

212.  In connection with his April 15, 2004 arrest, Plaintiff Chen provided actual notice to Defendant City of New York within the statutory period of limitations of 90 days.

213.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

214.  The conduct of all named Defendants as described in paragraphs 1 - 213, supra, constituted conversions in that Defendants intentionally, deliberately and without legal justification took Plaintiffs' property from Plaintiffs and/or caused others to take Plaintiffs' property and/or damaged and/or failed to return Plaintiffs' property to Plaintiffs, all in violation of the laws of the State of New York.

215.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.     Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.     Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

44

c.     Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.     Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.     Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.     Enter judgment for attorneys fees and costs of this action.

g.     Each Plaintiff demands trial by jury of all issues herein.

h.     Grant such other relief that law and justice requires.

## **COUNT VII**

(ASSAULT-

SUPPLEMENTAL CLAIM)

216.  Plaintiffs restate and reallege paragraphs 1 - 215 in haec verba.

217.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

218.  In connection with his February 17, 2004 arrest, Plaintiff Yue Wang served

a Notice of Claim upon Defendant City of New York on May 14, 2004, which is within the statutory period of limitations of 90 days.

219.  In connection with his April 15, 2004 arrest, Plaintiff Chen provided actual notice to Defendant City of New York within the statutory period of limitations of 90 days.

220.  Upon information and belief, at all times relevant hereto, the Defendant City of New York and the New York City Police Department employed the police officers and others material hereto.

221.  The conduct of Defendants as described in paragraphs 1 - 220, supra, constituted assaults of Plaintiffs.

222.  Each of the assaults of Plaintiffs were illegal and without authority of law.

223.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a. Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b. Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c. Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

46

d.      Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in public places, and/or selling their artwork in public places.

e.      Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.      Enter judgment for attorneys fees and costs of this action.

g.      Each Plaintiff demands trial by jury of all issues herein.

h.      Grant such other relief that law and justice requires.

## <u>COUNT VIII</u>

(INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS - SUPPLEMENTAL CLAIM)

224.  Plaintiffs restate and reallege paragraphs 1 - 223 <u>in haec verba</u>.

225.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

226.  In connection with his February 17, 2004 arrest, Plaintiff Yue Wang served a Notice of Claim upon Defendant City of New York on May 14, 2004, which is within the statutory period of limitations of 90 days.

227.  In connection with his April 15, 2004 arrest, Plaintiff Chen provided actual notice to Defendant City of New York within the statutory period of limitations of 90 days.

228.  Each of the incidents regarding and arrests of Plaintiffs were illegal and without authority of law.

229.  The conduct of all named Defendants as described in paragraphs 1 - 228, supra, constituted interferences with business and contractual relations in that Defendants intentionally, deliberately and without legal justification interfered with Plaintiffs' business and contractual relations with third parties and/or caused others to interfere with Plaintiffs' business and contractual relations with third parties, all in violation of the laws of the State of New York.

230.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.  Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.  Grant equitable relief enjoining Defendants from arresting Plaintiffs and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places

d.  Grant equitable relief enjoining Defendants from preventing and/or trying to prevent Plaintiffs and/or other street artists from displaying their artwork in public places, creating artwork in

public places, and/or selling their artwork in public places.

e.    Grant equitable relief enjoining Defendants from interfering with and/or trying to interfere with Plaintiffs and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

f.    Enter judgment for attorneys fees and costs of this action.

g.    Each Plaintiff demands trial by jury of all issues herein.

h.    Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

S/_____
DONALD E. CAMERON (DC 9565)
Attorney for Plaintiffs
139 Fulton Street, Suite 211
New York, New York 10038
(212) 233-3348

Dated: New York, New York
       May 12, 2005

2005 CIV.  4679 (CBM)

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUE WANG (aka Yugi Wang and Tue Wang),

WEI SHEN,

JICHENG YAO, and

JING REN CHEN (aka Baozhong Li),

Plaintiffs,

-against-

THE CITY OF NEW YORK,

POLICE OFFICER STEVEN MELLUSO (Shield No. 06892),

POLICE OFFICER THOMAS CARAMORE (Shield No. 21710),

POLICE OFFICER MICHAEL JOHNSON (Tax Registry No. 895585),

POLICE OFFICER ROBERT KURKOWSKI (Shield No. 31901),

POLICE OFFICER NIGUEL VEGA (Tax Registry No. 933448),

POLICE OFFICER NEAL LECLERC (Shield No. 02961),

POLICE OFFICER KAREN FERRARA (Tax Registry No. 933776),

POLICE OFFICER DANIEL MCNALLY (Tax Registry No. 933987),

POLICE OFFICER CHARLES CONNORS (Tax Registry No. 889785),

POLICE OFFICER JOHN REILLY (Tax Registry No. 934101),

POLICE OFFICER MARK DUDZIEC (Tax Registry No. 885563), and

POLICE OFFICER PATRICK QUIGLEY (Tax Registry No. 934081),

Defendants.

---

**COMPLAINT and DEMAND FOR JURY TRIAL**

---

DONALD E. CAMERON (DC 9565)

Attorney for Plaintiffs

139 Fulton Street, Suite 211

New York, New York 10038

(212) 233-3348

Dated:  New York, New York

May 12, 2005