UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

YUE WANG (aka Yugi Wang and Tue Wang), WEI     :
SHEN, JICHENG YAO, JING REN CHEN (aka Baozhong :
Li), YUTAN WANG (aka Yu Tan Wang, Yu Wang,     :      **ECF CASE**
Tan Yu Wang, Yu T Wang, Yu Tang Wang),        :
XIANGDONG ZHENG (aka Xiang Dong Zheng), TAO  :
SHEN (aka Tom Chang), QUANLI QI (aka Quan Li Qi),  :
JIAN FA FANG, and LIMING YU,           :
                                              :

                       Plaintiffs,     :      2005 CIV. 4679 (AKH)
           -against-           :
                                              :

CITY OF NEW YORK, POLICE OFFICER THOMAS   :      **AMENDED COMPLAINT**
CARAMORE (Shield # 21710), POLICE OFFICER    :      **and**
MICHAEL JOHNSTON (Tax Registry # 895585),     :      **DEMAND FOR JURY**
OFFICER ROBERT KURKOWSKI (Shield # 31901),   :      **TRIAL**
POLICE OFFICER NIGUEL VEGA           :
(Tax Registry # 933448), POLICE OFFICER NEAL    :
LECLERC (Shield # 02961), POLICE OFFICER      :
KAREN FERRARA (Tax Registry # 933776), POLICE  :
OFFICER DANIEL McNALLY (Tax Registry #      :
933987), POLICE OFFICER CHARLES CONNORS    :
(Tax Registry # 889785), POLICE OFFICER JOHN    :
REILLY (Tax Registry # 934101), POLICE OFFICER   :
MARK DUDZIEC (Tax Registry # 885563), POLICE   :
OFFICER PATRICK QUIGLEY (Tax Registry #     :
934081), POLICE OFFICER MICHAEL KNOPF (Tax   :
Registry # 920470), POLICE OFFICER JOHN LANE   :
(Tax Registry # 935157), POLICE OFFICER       :
CHRISTOPHER DONATO (Tax Registry # 934322),   :
POLICE OFFICER ROBERT DELHAYE (Tax Registry  :
# 897318), POLICE OFFICER ROBERT AMAROSA    :
(Tax Registry # 895169), POLICE OFFICER JOSEPH  :
SEMINARO (Tax Registry # 935723), POLICE     :
OFFICER ANTHONY GUERRIERO (Tax Registry #  :
934976), POLICE OFFICER GREGORY         :
CLIFFORD (Tax Registry # 934655), POLICE     :
OFFICER MOMEN ATTIA (Tax Registry # 932277),  :
POLICE OFFICER CANDIDA PUN (Tax Registry #   :
935543), POLICE OFFICER JAMES FILLS (Tax     :
Registry # 936068), POLICE OFFICER JAMES     :
CATTRANO (Tax Registry # 895282; Shield # 10504), :
POLICE OFFICER TIMOTHY GILROY (Tax Registry  :

# 936666; Shield # 22174), POLICE OFFICER MARCOS          :
ORTIZ (Tax Registry # 937228; Shield # 19683),          :
POLICE OFFICER CORNELIUS O'SHEA (Shield          :
# 10319), LIEUTENANT RAYMOND JANSEN (Tax          :
Registry # 914431), POLICE OFFICER EDWARD          :
SKRZYPEK (Shield # 6333), SERGEANT ANDREW          :
LOPEZ (Shield # 123), POLICE OFFICER MITCHELL          :
SOLARSH (Tax Registry # 937568; Shield # 2053),          :
POLICE OFFICER JAMES FAMIANO (Tax Registry          :
# 936568; Shield # 7548), POLICE OFFICER RON          :
BATCHELOR (Tax Registry # 917286), POLICE          :
OFFICER BUKOWSKI, POLICE OFFICER JASON          :
LAGNESE (Tax Registry # 930523), POLICE OFFICER          :
BRETT LEWIS (Tax Registry # 904361), POLICE          :
OFFICER ELIZABETH LOUGHRAN (Tax Registry #          :
933947), POLICE OFFICER DANIELLE DiMARCO          :
(Tax Registry # 934301), POLICE OFFICER CARMINE          :
FIORE (Tax Registry # 933779), POLICE OFFICER          :
JEREMY EAGAN (Tax Registry # 928231), POLICE          :
OFFICER RAYMOND PENNINGTON (Tax Registry #          :
934051), POLICE OFFICER SALVATOR RANDAZZO          :
(Shield # 10356; Tax Registry # 934096), POLICE          :
OFFICER PAUL SPANO (Tax Registry # 916735),          :
POLICE OFFICER DANIEL ORLANDO (Tax Registry #          :
935435), POLICE OFFICER GERARD COLLINS (Tax          :
Registry # 934668), POLICE OFFICER JAMES          :
MUNDY (Tax Registry # 935368; Shield # 13303),          :
POLICE OFFICER JAMES BESMER (Tax Registry #          :
934489; Shield # 3021), POLICE OFFICER SUKHJIWAN :
SINGH (Tax Registry # 929178), POLICE OFFICER          :
RONALD PERILLO (Tax Registry # 927346), POLICE          :
OFFICER JAVAN FASULO (Tax Registry # 914633),          :
POLICE OFFICER DANIEL DOODY (Tax Registry #          :
906140), POLICE OFFICER RUDOLPH GUARNACCIA          :
(Tax Registry # 917724; Shield # 8793), POLICE          :
OFFICER MICHAEL GUARRIELLO (Shield # 22940),          :
SERGEANT CRAIG McCRAY (Shield # 4811), POLICE          :
OFFICER EDWIN SANTIAGO (Shield # 12719),          :
SERGEANT CHRISTOPHER GAHN (Shield # 3842),          :
POLICE OFFICER ROBERT ROMAN (Tax Registry #          :
934129), POLICE OFFICER ALISTAIR BASCOM (Tax          :
Registry # 932301), DETECTIVE JAMES BLAKE (Shield :
# 05884), POLICE OFFICER BRENDAN MEEHAN (Tax :
Registry # 933012; Shield # 30563), POLICE OFFICER          :

2

YVETTE MATTHEWS (Shield # 7929), POLICE          :
OFFICER MATTHEW TEAGUE (Shield # 31662),         :
POLICE OFFICER THOMAS GRACE (Tax Registry #      :
933817; Shield # 1436), POLICE OFFICER THOMAS    :
GARRITY (Shield # 7734), POLICE OFFICER JASON    :
ANDREULA (Tax Registry # 923510), and POLICE     :
OFFICER FRANK TROVATO (Tax Registry # 896058),   :
                                                 :
                          Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED COMPLAINT and DEMAND FOR JURY TRIAL
## (CIVIL RIGHTS)

### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of

constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under

28 U.S.C. §§ 1331(a) and 1343(3).  Plaintiffs also invoke the supplemental jurisdiction of this

Court.  (28 U.S.C. § 1367).  This complaint is in compliance with Rule 20 of the Federal Rules

of Civil Procedure.  Fed. R. Civ. P. 20.

2.  Plaintiffs demand jury trial on all issues and claims pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

### VENUE

3.  Venue is properly laid within the Southern District of the State of New York

as the acts complained of by the Plaintiffs were committed by the Defendants or occurred within

said District or Defendants reside in said District.

### PARTIES

4.  Plaintiff YUE WANG (aka Yugi Wang and Tue Wang), a Chinese male, at all

times material hereto, was a legal resident of the United States and resident of the City of New

3

York and State of New York.

5.  Plaintiff WEI SHEN, a Chinese male, at all times material hereto, was a permanent resident of the United States and resident of the City of New York and State of New York.

6.  Plaintiff JICHENG YAO, a Chinese male, at all times material hereto, was a permanent resident or a citizen of the United States and resident of the City of New York and State of New York.

7.  Plaintiff JING REN CHEN (aka Baozhong Li), a Chinese male, at all times material hereto, was a legal resident or a citizen of the United States and resident of the City of New York and State of New York.

8.  Plaintiff YUTAN WANG (aka Yu Tan Wang, Yu Wang, Tan Yu Wang, Yu T Wang, Yu Tang Wang), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

9.  Plaintiff XIANGDONG ZHENG (aka Xiang Dong Zheng), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

10.  Plaintiff TAO SHEN (aka Tom Chang), a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

11.  Plaintiff QUANLI QI (aka Quan Li Qi), a Chinese male, at all times material hereto, was a legal resident or a citizen of the United States and resident of the City of New York and State of New York.

4

12.  Plaintiff JIAN FA FANG, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

13.  Plaintiff LIMING YU, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

14.  Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

15.  The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK and, at all times material hereto, was the employer of Defendants POLICE OFFICER THOMAS CARAMORE (Shield # 21710), POLICE OFFICER MICHAEL JOHNSTON (Tax Registry # 895585), POLICE OFFICER ROBERT KURKOWSKI (Shield # 31901), POLICE OFFICER NIGUEL VEGA (Tax Registry # 933448), POLICE OFFICER NEAL LECLERC (Shield # 02961), POLICE OFFICER KAREN FERRARA (Tax Registry # 933776), POLICE OFFICER DANIEL McNALLY (Tax Registry # 933987), POLICE OFFICER CHARLES CONNORS (Tax Registry # 889785), POLICE OFFICER JOHN REILLY (Tax Registry # 934101), POLICE OFFICER MARK DUDZIEC (Tax Registry # 885563), POLICE OFFICER PATRICK QUIGLEY (Tax Registry # 934081), POLICE OFFICER MICHAEL KNOPF (Tax Registry # 920470), POLICE OFFICER JOHN LANE (Tax Registry # 935157), POLICE OFFICER CHRISTOPHER DONATO (Tax Registry # 934322), POLICE OFFICER ROBERT DELHAYE (Tax Registry # 897318), POLICE OFFICER ROBERT AMAROSA (Tax Registry # 895169), POLICE OFFICER JOSEPH SEMINARO (Tax Registry # 935723), POLICE OFFICER ANTHONY GUERRIERO (Tax Registry # 934976), POLICE OFFICER GREGORY CLIFFORD (Tax Registry # 934655), POLICE

OFFICER MOMEN ATTIA (Tax Registry # 932277), POLICE OFFICER CANDIDA PUN
(Tax Registry # 935543), POLICE OFFICER JAMES FILLS (Tax Registry # 936068), POLICE
OFFICER JAMES CATTRANO (Tax Registry # 895282; Shield # 10504), POLICE OFFICER
TIMOTHY GILROY (Tax Registry # 936666; Shield # 22174), POLICE OFFICER MARCOS
ORTIZ (Tax Registry # 937228; Shield # 19683), POLICE OFFICER CORNELIUS O'SHEA
(Shield # 10319), LIEUTENANT RAYMOND JANSEN (Tax Registry # 914431), POLICE
OFFICER EDWARD SKRZYPEK (Shield # 6333), SERGEANT ANDREW LOPEZ (Shield #
123), POLICE OFFICER MITCHELL SOLARSH (Tax Registry # 937568; Shield # 2053),
POLICE OFFICER JAMES FAMIANO (Tax Registry # 936568; Shield # 7548), POLICE
OFFICER RON BATCHELOR (Tax Registry # 917286), POLICE OFFICER BUKOWSKI,
POLICE OFFICER JASON LAGNESE (Tax Registry # 930523), POLICE OFFICER BRETT
LEWIS (Tax Registry # 904361), POLICE OFFICER ELIZABETH LOUGHRAN (Tax Registry
# 933947), POLICE OFFICER DANIELLE DiMARCO (Tax Registry # 934301), POLICE
OFFICER CARMINE FIORE (Tax Registry # 933779), POLICE OFFICER JEREMY EAGAN
(Tax Registry # 928231), POLICE OFFICER RAYMOND PENNINGTON (Tax Registry #
934051), POLICE OFFICER SALVATOR RANDAZZO (Shield # 10356; Tax Registry #
934096), POLICE OFFICER PAUL SPANO (Tax Registry # 916735), POLICE OFFICER
DANIEL ORLANDO (Tax Registry # 935435), POLICE OFFICER GERARD COLLINS (Tax
Registry # 934668), POLICE OFFICER JAMES MUNDY (Tax Registry # 935368; Shield #
13303), POLICE OFFICER JAMES BESMER (Tax Registry # 934489; Shield # 3021),
POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), POLICE OFFICER
RONALD PERILLO (Tax Registry # 927346), POLICE OFFICER JAVAN FASULO (Tax

Registry # 914633), POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), POLICE

OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), POLICE

OFFICER MICHAEL GUARRIELLO (Shield # 22940), SERGEANT CRAIG McCRAY

(Shield # 4811), POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), SERGEANT

CHRISTOPHER GAHN (Shield # 3842), POLICE OFFICER ROBERT ROMAN (Tax Registry

# 934129), POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301), DETECTIVE

JAMES BLAKE (Shield # 05884), POLICE OFFICER BRENDAN MEEHAN (Tax Registry #

933012; Shield # 30563), POLICE OFFICER YVETTE MATTHEWS (Shield # 7929), POLICE

OFFICER MATTHEW TEAGUE (Shield # 31662), POLICE OFFICER THOMAS GRACE

(Tax Registry # 933817; Shield # 1436), POLICE OFFICER THOMAS GARRITY (Shield #

7734), POLICE OFFICER JASON ANDREULA (Tax Registry # 923510), and POLICE

OFFICER FRANK TROVATO (Tax Registry # 896058).  Defendant CITY OF NEW YORK is

responsible for the acts of said individual Defendants while employed by the New York City

Police Department and acting within the scope of their employment.

16.  Individual Defendants herein, at all times material hereto, were duly

appointed police officers of the New York City Police Department and were acting in their

individual capacities and under color of state law and within the scope of their employment.

**FACTS**

17.  Plaintiffs file this Amended Complaint pursuant to this Court's Memorandum

and Order, dated June 26, 2008, granting defendants motion to dismiss in part and denying in

part, and directing Plaintiffs to file this Amended Complaint without any claims which this Court

has dismissed, to wit, Plaintiffs' claims for malicious prosecution "where plaintiffs either did not

receive a summons or, if they did receive a summons, were not arrested" (06/26/08 Order, at 7);

all of Plaintiffs "broader" contempt of court claims pursuant to *Bery v. City of New York*

(06/26/08 Order, at 10); claims as pled in Plaintiffs' previous Amended Complaint asserting that

the street regulations pursuant to which Defendants have deprived Plaintiffs of their rights under

the Constitutions of the United States and the State of New York are overbroad, and have been

used as a pretext for interfering with Plaintiffs' exercise of said rights (06/26/08 Order, at 14-15);

and all claims for false arrest (including Yue Wang's November 5, 2004 arrest and overnight

incarceration for an improper allegation of a Tax Law violation) other than those concerning the

incidents of July 22, 2005 involving Plaintiffs Jing Ren Chen, Jian Fa Fang and Liming Yu; July

4, 2004 involving Plaintiff Jian Fa Fang; July 20, 2005 involving Plaintiff Jian Fa Fang; March

27, 2004 involving Yue Wang; July 2, 2005 involving Plaintiff Yue Wang; June 11, 2005

involving Plaintiff Wei Shen; May 21, 2005 involving Plaintiff Jicheng Yao; April 15, 2004

involving Plaintiff Jing Ren Chen; August 16, 2004 and/or August 17, 2004 involving Plaintiff

Jing Ren Chen; July 3, 2005 involving Plaintiff Jing Ren Chen; August 11, 2004 and/or October

10, 2004 involving Plaintiff Yutan Wang; September 11, 2004 involving Plaintiff Yutan Wang;

September 26, 2004 involving Plaintiff Yutan Wang; October 21, 2004 involving Yutan Wang;

January 1, 2005 involving Plaintiff Yutan Wang; July 4, 2005 involving Plaintiff Yutan Wang;

June 23, 2003 involving Plaintiff Quanli Qi; September 18, 2004 involving Plaintiff Jian Fa

Fang; September 25, 2004 involving Plaintiff Jian Fa Fang; December 21, 2004 involving

Plaintiff Jian Fa Fang; and December 21, 2004 involving Liming Yu.  The Court also has

allowed Plaintiffs to maintain their remaining claims, including equal protection claims for

selective enforcement and disparate treatment regarding, for instance, harassment with

summonses and arrests (06/26/08 Order, at 8).

18.   Defendants engaged in the conduct described herein for the common purpose of violating Plaintiffs' constitutional and civil rights.  Defendants were without authority or justification, and are responsible for their acts and the results therefrom.  Specific instances of the above-described conduct as it was committed against each particular Plaintiff is described in the following paragraphs, and Plaintiffs complain of the above-described conduct of Defendants in a more particularized manner as follows, arranged by Plaintiff and categorized by a shorthand description of the nature of the claim in association with the date of the incident in compliance with the Court's Memorandum and Order, dated June 26, 2008.

## PLAINTIFF YUE WANG

**March 27, 2004 Incident (Yue Wang -- false arrest)**

19.   On or about March 27, 2004, at approximately 8:35 p.m., at West 41st Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

20.   At said time and location, DEFENDANT KNOPF improperly and wrongly accusing Plaintiff of violating Section 20-465.1 (restricted street) of the Administrative Code of the City of New York (the "AC"), falsely arrested Plaintiff, without probable cause, for said violation.  Defendant Knopf accused Plaintiff of said violation, even though the location at which Plaintiff was engaging in protected First Amendment activity was not a restricted street, as was noted by the Administrative Law Judge when he later dismissed the case against Plaintiff.

21.   On or about March 27, 2004, Defendant Knopf caused to be docketed in the

Environmental Control Board of the City of New York, County of New York (the "ECB")

Summons E 140 528 356, charging Plaintiff with a violation of AC §20-465.1.  Said summons

was dismissed in its entirety on or about August 25, 2004, wholly resolving the charges in

Plaintiff's favor.

       22.  As a result of his March 27, 2004 arrest and the resultant ECB case regarding

said summons, Plaintiff appeared for a hearing at ECB on or about August 2, 2004.

       23.  Defendants City of New York ("City") and Knopf engaged in the

aforedescribed conduct re the March 27, 2004 incident for the common purpose of implementing

the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.

Defendants City and Knopf were without probable cause or justification to arrest, charge or

prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are

responsible for their acts and for the arrest, charging and prosecution caused by them.

       24.  As a direct and proximate consequence of the matters alleged re the March

27, 2004 arrest, Plaintiff suffered emotional trauma, fear, anguish, humiliation, embarrassment

and insult, and loss of income.

**November 5, 2004 Incident (Yue Wang -- selective enforcement and treatment; assault;
conversion)**

       25.  On or about November 5, 2004, at approximately 11:00 p.m., at 1515

Broadway, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist,

was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

       26.  At said time and location, DEFENDANT CARAMORE improperly and

wrongly asked Plaintiff for his New York State Certificate of Authority.  At that time, there were

other non-Asian, non-First Amendment vendors who were not displaying a Certificate of

Authority and whom Defendants Caramore and City allowed to vend undisturbed.   Defendant

Caramore arrested only Plaintiff for a violation of Section 1817(d)(1) of the Tax Law of the State

of New York ("TL").   Thus, Defendants Caramore and City selectively enforced said statute

against Plaintiff.

27.   Defendant Caramore treated Plaintiff roughly, placing handcuffs on Plaintiff

very tightly which injured Plaintiff's wrists.  As a result of the aforementioned assault in

connection with the November 5, 2004 incident, Plaintiff was physically injured and suffered

bruising, swelling and pain to his wrists, fingers and arms due to the actions of Defendant.

28.   While Plaintiff was in custody for his November 5, 2004 arrest, items of his

personal property were lost and/or destroyed by Defendants and have never been recovered.

29.   On or about November 5, 2004, Defendant Caramore caused to be docketed

in the Criminal Court of the City of New York, County of New York (the "Criminal Court"), a

complaint (Docket 2004NY082126), charging Plaintiff with violating TL §1817(d)(1).  Said case

was dismissed in its entirety on or about May 5, 2005, wholly resolving the charges in Plaintiff's

favor.

30.   As a result of the November 5, 2004 incident, Plaintiff spent approximately

13 hours in the custody of Defendants, the New York City Police Department and the New York

City Department of Correction, and spent time handcuffed and/or in jail cells. Plaintiff suffered

pain, discomfort, and emotional distress during his time in custody and for a period of time

thereafter.  Plaintiff appeared in the Criminal Court on or about November 6, 2004.

31. On or about May 5, 2005, all charges against Plaintiff with regard to the

November 5, 2004 incident were dismissed in the Criminal Court, Plaintiff having received an

11

adjournment in contemplation of dismissal (*i.e.*, an "ACD") on November 6, 2004.  The charges against Plaintiff were wholly resolved in his favor.

32.  As a direct and proximate consequence of the matters alleged re the November 5, 2004 incident, Plaintiff suffered selective harassment, arrest, confinement, assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**April 10, 2005 Incident (Yue Wang -- selective enforcement)**

33.  On or about April 10, 2005, at approximately 6:40 p.m., at 4 Times Square and Broadway, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

34.  At said time and location, DEFENDANT LANE improperly and wrongly accused and issued a summons to Plaintiff for a violation of AC §20-465(1) (peddling prohibited location/time).  Other non-Asian, non-First Amendment vendors were vending whom Defendants Lane and City allowed to vend undisturbed.  Thus, Defendants Lane and City of New York selectively enforced Section 20-465(1) against Plaintiff Yue Wang.

35.  Defendant Lane caused Summons E 135 063 639, charging Plaintiff with a violation of AC §20-465(1), to be docketed in the ECB.  Said summons was dismissed in its entirety as a result of a hearing held on or about May 5, 2005 at the ECB, wholly resolving all charges in Plaintiff's favor.

36.  As a direct and proximate consequence of the matters alleged re the April 10, 2005 incident for Summons E 135 063 639, Plaintiff suffered selective ticketing, harassment,

emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 2, 2005 Incident (Yue Wang -- false arrest; selective enforcement)**

37.   On or about July 2, 2005, at approximately 8:30 p.m., in front of 234 West 42nd Street, in the County, City and State of New York, PLAINTIFF YUE WANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

38.   At said time and location, DEFENDANT DONATO improperly and wrongly accused Plaintiff of violating AC §11-809 (no tax stamp), even though Plaintiff was not in violation of the law and was not in violation of said statute, and other non-Asian non-First Amendment vendors were allowed to vend undisturbed.  Defendant Donato falsely arrested Plaintiff, without probable cause, for a violation of AC §11-809.

39.   On or about July 2, 2005, Defendant Donato caused to be docketed in the Criminal Court a misdemeanor complaint, under Docket 2005SN108490 (*i.e.*, Summons 424323434-6), charging Plaintiff with a violation of AC §11-809.  Said case was dismissed in its entirety in the Criminal Court on or about July 21, 2005, wholly resolving the charges in Plaintiff's favor.

40.   Defendants City and Donato engaged in the aforedescribed conduct re the July 2, 2005 incident for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Donato were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

13

41.  As a direct and proximate consequence of the matters alleged re the July 2, 2005 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## PLAINTIFF WEI SHEN

**May 29, 2004 Incident (Wei Shen -- selective enforcement)**

42.  On or about May 29, 2004, at approximately 6:00 p.m., at 1501 Broadway, in the County, City and State of New York, PLAINTIFF WEI SHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

43.  At said time and location DEFENDANT JOHNSTON  improperly and wrongly accused Plaintiff Wei Shen of a violation of AC §20-465(G).  Defendant Johnston issued Summons E 124 155 360, charging Plaintiff with a violation of AC §20-465(G).  Defendants Johnston and City so charged Plaintiff while allowing other non-Asian, non-First Amendment vendors to vend in the same location undisturbed.  Thus, said Defendants selectively enforced New York City street restrictions against Plaintiff.

44.  On or about May 29, 2004, Defendant Johnston caused a complaint, under Summons E 124 155 360, to be docketed in the ECB charging Plaintiff with a violation of AC §20-465(G).  Said case was dismissed in its entirety as a result of a hearing held at the ECB on or about June 28, 2004, wholly resolving all charges in Plaintiff's favor.

45.  Defendants City and Johnston charged only Plaintiff, when there were other non-Asian and non-First Amendment vendors at the same location at the same time who were not charged.  Defendants selectively enforced AC §20-465(G) solely against Plaintiff in

14

deprivation of Plaintiff's Constitutional rights.

46.   As a direct and proximate consequence of the matters alleged re the May 29, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**October 3, 2004 Incident (Wei Shen -- selective enforcement; conversion; interference with business relations)**

47.   On or about October 3, 2004, at approximately 10:00 p.m., at Broadway and West 45th Street, in the County, City and State of New York, PLAINTIFF WEI SHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

48.   At said time and location, Plaintiff was drawing the portrait of an individual when DEFENDANT KURKOWSKI improperly and wrongly told said individual that the portrait Plaintiff was drawing should be free.  Plaintiff, who is not fully conversant in the English language, did not understand what Defendant Kurkowski meant by what he had said.  Before beginning the individuals's portrait, Plaintiff and the individual had entered into a contract whereby Plaintiff would draw the individual's portrait in exchange for the individual paying Plaintiff for the portrait.  After Plaintiff finished drawing this individual's portrait, the individual took the portrait from Plaintiff without paying for it and walked away.  Plaintiff attempted to go after said individual but was prevented from doing so by Defendant Kurkowski.  As a result of Defendant's malicious and improper interference and harassment, Plaintiff was deprived of his property and his income.  At the same location and time as this incident, there were other non-Asian, non-First Amendment vendors who Defendant Kurkowski did not so harass, interfere with or otherwise deprive of property or the ability to engage in vending activity.

15

49.  During the course of said incident, Plaintiff did not do anything improper or illegal, and Defendant Kurkowski did not arrest Plaintiff or issue any summonses to Plaintiff.

50.  As a direct and proximate consequence of the matters alleged re the October 3, 2004 incident, Plaintiff suffered selective harassment and interference, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**October 16, 2004 Incident (Wei Shen -- selective enforcement)**

51.  On or about October 16, 2004, at approximately 9:00 p.m., in front of 729 7th Avenue, in the County, City and State of New York, PLAINTIFF WEI SHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

52.  At said time and location, DEFENDANT VEGA improperly and wrongly accused Plaintiff of violating AC §20-465.1(g).  At the same time and location,  Defendants Vega and City did not interfere with non-Asian, non-First Amendment vendors who also were present.

53.  At said time and location, Defendant Vega issued Summons 423329410-3, charging Plaintiff with a violation of AC §20-465.1(g).  Thus, Defendants Vega and City selectively enforced street restrictions against Plaintiff.  Defendant Vega caused to be docketed in the Criminal Court a complaint, under Summons 423329410-3 (Docket 2004SC016221), charging Plaintiff with a violation of AC §20-465.1(g).  Plaintiff appeared in Criminal Court on December 21, 2004, when the case against him was dismissed in its entirety and all charges were resolved in his favor.

54.  As a direct and proximate consequence of the matters alleged re the October

16, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**June 11, 2005 Incident (Wei Shen -- false arrest; selective enforcement)**

55.  On or about June 11, 2005, at approximately 12:45 a.m., at West 47th Street and Broadway, in the County, City and State of New York, PLAINTIFF WEI SHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

56.  At said time and location, DEFENDANT DELHAYE improperly and wrongly accused Plaintiff of violating Section 240.20(5) (disorderly conduct blocking pedestrian traffic) of the Penal Law of the State of New York (the "PL"), although Plaintiff was not blocking pedestrian traffic and was not in violation of the law.  Other vendors who were non-Asian and non-First Amendment vendors were present who were not interfered with by Defendants Delhaye and City.

57.  At said time and location, Defendant Delhaye falsely arrested Plaintiff and issued Summons 425149205-5 charging Plaintiff, without probable cause, with violating PL §240.20(5).

58.  On or about June 11, 2005, Defendant Delhaye caused a complaint, under Summons 425149205-5 (Docket 2005SN102439), to be docketed in the Criminal Court charging Plaintiff with violating PL §240.20(5).  Said case was dismissed in its entirety in Criminal Court on or about July 12, 2005, wholly resolving the charges in Plaintiff's favor.

59. As a result of his June 11, 2005 arrest and the resultant Criminal Court case, Plaintiff appeared in the Criminal Court on or about July 20, 2005.

60.  Defendants City and Delhaye engaged in the aforedescribed conduct re the June 11, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Delhaye were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

61.  As a direct and proximate consequence of the matters alleged re the June 11, 2005 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## PLAINTIFF JICHENG YAO

**July 2, 2004 Incident (Jicheng Yao -- selective enforcement)**

62.  On or about July 2, 2004, at approximately 9:00 p.m., at West 43rd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

63.  At said time and location, DEFENDANT AMAROSA improperly and wrongly accused Plaintiff of violating AC §20-465(N) for being "within 20 feet of entrance."  At the same time and location, other non-Asian, non-First Amendment vendors were not disturbed by Defendants Amarosa and City.

64.  At said time and location, Defendant Amarosa issued Summons E 135 080 440, charging Plaintiff Yao with violating AC §20-465(N).  Defendant Amarosa caused a complaint, under Summons E 135 080 440, to be docketed in the ECB charging Plaintiff with a

18

violation of AC §20-465(N).  Said case was dismissed in its entirety on or about July 21, 2004 after a hearing on July 19, 2004, wholly resolving all charges in Plaintiff's favor.

65.  As a direct and proximate consequence of the matters alleged re the July 2, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 13, 2004 Incident (Jicheng Yao -- selective enforcement)**

66.  On or about August 13, 2004, at approximately 10:50 p.m., at West 44th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

67.  At said time and location DEFENDANT FERRARA improperly and wrongly accused Plaintiff of obstructing pedestrian traffic.  Defendant Ferrara issued Summons 423219123-9, charging Plaintiff with Disorderly Conduct (PL §240.20(5)) although Plaintiff was not in violation of the law, and other non-Asian, non-First Amendment vendors were permitted by Defendants Ferrara and City to vend undisturbed.

68.  Defendant Ferrara caused a complaint to be docketed in the Criminal Court (Docket 2004SC012041), charging Plaintiff with Disorderly Conduct (PL §240.20(5)).  Said case was dismissed in its entirety on or about September 14, 2004 when Plaintiff appeared in Criminal Court, wholly resolving all charges in Plaintiff's favor.

69.  As a direct and proximate consequence of the matters alleged re the August 13, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 14, 2004 Incident (Jicheng Yao -- selective enforcement)**

70.  On or about August 14, 2004, at approximately 6:24 p.m., at West 46th Street and Broadway, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

71.  At said time and location, DEFENDANT McNALLY improperly and wrongly accused Plaintiff Yao of blocking pedestrian traffic, although Plaintiff was not doing so and other non-First Amendment, non-Asian vendors were allowed to vend undisturbed by Defendants McNally and City.

72.  At said time and location, Defendant McNally issued Summons 423050790-2 charging Plaintiff with Disorderly Conduct in violation of PL §240.20(5).  Defendant McNally caused a complaint to be docketed in the Criminal Court under Docket 2004SC012042 charging Plaintiff with Disorderly Conduct (PL §240.20(5)).  Said case was dismissed in its entirety on or about March 15, 2005, Plaintiff having received an ACD on or about September 14, 2004, when he appeared in Criminal Court.  Thus, the charges were wholly resolved in Plaintiff's favor.

73.  As a direct and proximate consequence of the matters alleged re the August 14, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**October 7, 2004 Incident (Jicheng Yao -- selective enforcement)**

74.  On or about October 7, 2004, at approximately 6:27 p.m., at West 42nd Street and Broadway, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing

20

portraits of passers-by to sell to them.

75.  At said time and location, DEFENDANT CONNORS improperly and wrongly accused Plaintiff of a violation of AC §20-465(1), which is a non-existent provision of the law.  Defendant Connors issued Summons E 140 564 912 charging Plaintiff with violating AC §20-465(1), although other non-First Amendment, non-Asian vendors who were present were allowed to vend undisturbed by Defendants Connors and City.  Defendant Connors caused a complaint to be docketed in the ECB, under Summons E 140 564 912, charging Plaintiff with violating AC §20-465(1).  Said case was dismissed in its entirety when Plaintiff appeared at the ECB on or about October 13, 2004, wholly resolving the charges in Plaintiff's favor.

76.  As a direct and proximate consequence of the matters alleged re the October 7, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**January 8, 2005 Incident (Jicheng Yao -- selective enforcement)**

77.  On or about January 8, 2005, at approximately 11:00 p.m., at 701 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

78.  At said time and location, DEFENDANT REILLY improperly and wrongly accused Plaintiff of violating AC §§20-465(L) and 20-465(N).  Other non-Asian non-First Amendment vendors were present at said location and were allowed to vend undisturbed by Defendants Reilly and City.  Defendant Reilly issued Plaintiff Summonses E 135 091 083 and E 135 091 651 charging Plaintiff with violating AC §§20-465(L) and 20-465(N), respectively.

Defendant Reilly caused two complaints, under Summonses E 135 091 083 and E 135 091 651, to be docketed in the ECB charging Plaintiff Yao with violating AC §§20-465(L) and 20-465(N), respectively.  Said cases were dismissed in their entireties on or about February 3, 2005 as the result of a hearing held at the ECB on February 3, 2005, when Plaintiff appeared at the ECB, wholly resolving all charges in Plaintiff's favor.

79.  As a direct and proximate consequence of the matters alleged re the January 8, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**April 29, 2005 Incident (Jicheng Yao -- selective enforcement)**

80.  On or about April 29, 2005, at approximately 8:00 p.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

81.  At said time and location, DEFENDANT SEMINARO improperly and wrongly accused Plaintiff of obstructing pedestrian traffic, and issued Summons 424322513-8 charging Plaintiff with Disorderly Conduct (pedestrian traffic) (PL §240.20(5)), although Plaintiff was not in violation of the law and there were other non-Asian non-First Amendment vendors at the same location who were allowed to vend undisturbed by Defendants Seminaro and City.

82.  Defendant Seminaro caused a complaint to be docketed in the Criminal Court (Docket 2005SC006285) charging Plaintiff with Disorderly Conduct (PL §240.20(5)).  Said case was dismissed in its entirety on or about June 1, 2005, when Plaintiff appeared in Criminal

Court, wholly resolving all charges in Plaintiff's favor.

83.   As a direct and proximate consequence of the matters alleged re the April 29, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**May 21, 2005 Incident (Jicheng Yao -- false arrest; selective enforcement)**

84.   On or about May 21, 2005, at approximately 12:15 a.m., at Broadway between West 47th and 48th Streets, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

85.   At said time and location, Defendant DELHAYE improperly and wrongly accused Plaintiff of blocking pedestrian traffic, and falsely arrested Plaintiff and issued Summons 424508831-0 charging Plaintiff, without probable cause, with Disorderly Conduct (blocking pedestrian traffic) (PL §240.20(5)), although Plaintiff was not in violation of the law and other non-Asian non-First Amendment vendors were present at said location and were allowed to vend undisturbed by Defendants Delhaye and City.  Defendant Delhaye caused a complaint to be docketed in the Criminal Court (Docket 2005SN088884), charging Plaintiff with Disorderly Conduct (PL §240.20(5)).  When Plaintiff appeared in Criminal Court on or about June 24, 2005, said case was dismissed in its entirety, wholly resolving the charges in Plaintiff's favor.

86.   Defendants City and Delhaye engaged in the aforedescribed conduct re the May 21, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Delhaye were

without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

87.  As a direct and proximate consequence of the matters alleged re the May 21, 2005 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**June 4, 2005 Incident (Jicheng Yao -- selective enforcement)**

88.  On or about June 4, 2005, at approximately 8:20 p.m., at 5 Times Square, in the County, City and State of New York, PLAINTIFF YAO, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

89.  At said time and location, DEFENDANT GUERRIERO improperly and wrongly accused Plaintiff of violating AC §20-465(1) (vending at prohibited time), although there were other non-Asian, non-First Amendment vendors present who were allowed to vend undisturbed by Defendants Guerriero and City.  Defendant Guerriero issued Summons E 140 215 736) charging Plaintiff with violating AC §20-465(1).

90.  Defendant Guerriero caused a complaint to be docketed in the ECB, under Summons E 140 215 736, charging Plaintiff with violating AC §20-465(1).  Said case regarding Summons E 140 215 736 was dismissed in its entirety on or about July 6, 2005 after Plaintiff appeared at a hearing at ECB on July 6, 2005, wholly resolving the charges in Plaintiff's favor.

91.  Despite Plaintiff Yao's appearance before the ECB on July 6, 2005 and the resulting ECB dismissal of Plaintiff Yao's June 4, 2005 Summons E 140 215 736 on or about

July 6, 2005, Plaintiff received a "Default Decision and Order," dated July 11, 2005, from the

ECB holding Plaintiff Yao in default with respect to said Summons E 140 215 736, ordering

Plaintiff to pay a fine and penalty of $270.00, and threatening Plaintiff with a default penalty of

$1,000.00.  Plaintiff also received a collection letter, dated July 29, 2005, from the ECB

demanding payment of $270.00 with respect to said Summons E 140 215 736.  The ECB's

erroneously holding Plaintiff in default when said Summons actually was dismissed caused

Plaintiff to have to appear in person at the ECB, and otherwise spend his time and energy, in

order for it to correct its records.

   92.  As a direct and proximate consequence of the matters alleged re the June 4,

2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear,

anguish, humiliation, embarrassment and insult, and loss of income.

**PLAINTIFF JING REN CHEN**

**April 15, 2004 Incident (Jing Ren Chen -- false arrest; selective enforcement)**

   93.  On or about April 15, 2004, at approximately 8:35 p.m., at West 42nd Street

and 7th Avenue, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist,

was at said location for the lawful purpose of displaying his own original portraits and drawing

portraits of passers-by to sell to them.

   94.  At said time and location, DEFENDANT DUDZIEC improperly and wrongly

accused Plaintiff of violating AC §§20-465(d) and 2-307(b).  At the same time and location,

there were present non-Asian, non-First Amendment vendors who were undisturbed by

Defendants Dudziec and City.

   95.  Defendant Dudziec falsely arrested Plaintiff and issued Summonses E 140

25

521 930 and E 140 521 949 charging Plaintiff, without probable cause, with violating of AC §§20-465(d) and 2-307(b), respectively.  Defendant Dudziec caused two complaints to be docketed in the ECB, under Summonses E 140 521 930 and E 140 521 949, charging Plaintiff with violations of AC §§20-465(d) and 2-307(b), respectively.  Said cases were dismissed in their entireties on or about May 27, 2004, as the result of Plaintiff appearing at an ECB hearing on May 27, 2004, wholly resolving all charges in Plaintiff's favor.  Plaintiff appeared at the ECB on July 12, 2004 for copies of the decisions in his cases.

96.  Defendants City and Dudziec engaged in the aforedescribed conduct re the April 15, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Dudziec were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

97.  As a direct and proximate consequence of the matters alleged re the April 15, 2004 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 16, 2004 and/or August 17, 2004 Incident (Jing Ren Chen -- false arrest; selective enforcement)**

98.  On or about August 16, 2004 and/or August 17, 2004, at approximately 12:40 a.m. and/or 1:30 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

99.  At said time and location, DEFENDANT QUIGLEY improperly and wrongly

26

accused Plaintiff of failing to comply with police orders in violation of Section 103(c)(1).

Plaintiff was trying to stand out of the rain near a building with an individual whose portrait

Plaintiff was finishing.  When it started to rain very heavily, the individual went to the building

for some shelter and Plaintiff followed him.   There was almost no one else in the street.

Plaintiff was approximately one minute away from finishing the drawing of the portrait when

Defendant Quigley told him to go to the curb in order to finish the portrait.  The individual who

was being drawn objected as it was raining heavily (a downpour) and not only would he and

Plaintiff get soaking wet but the portrait, which was being drawn on paper, would get ruined.

Plaintiff rushed to finish the portrait.  When Plaintiff finished the portrait, he gave it to the

individual for free since the portrait got somewhat wet.  Defendant Quigley falsely arrested

Plaintiff and issued Plaintiff Summons 421719917-0 charging Plaintiff, without probable cause,

with failing to comply with police orders in violation of Section 103(c)(1).  Defendant Quigley

caused Summons 421719917-0 to be docketed in the Criminal Court as a complaint, charging

Plaintiff with failing to comply with police orders in violation of Section 103(c)(1).  Said case

was dismissed in its entirety on or about October 12, 2004 as not being a legally acceptable

accusatory instrument, wholly resolving all charges in Plaintiff's favor.

        100. As a result of his August 16, 2004 and/or August 17, 2004 arrest and the

resultant Criminal Court case, Plaintiff appeared in the Criminal Court of the City of New York

on (at least) September 20, 2004 and October 12, 2004 at (at least) two different locations.

        101.  Defendants City and Quigley engaged in the aforedescribed conduct re the

August 16, 2004 and/or August 17, 2004 arrest for the common purpose of implementing the

false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants

City and Quigley were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

102.   As a direct and proximate consequence of the matters alleged re the August 16, 2004 and/or August 17, 2004 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**May 28, 2005 Incident (Jing Ren Chen -- selective enforcement)**

103.   On or about May 28, 2005, at approximately 1:40 p.m., at West 42nd Street and Broadway, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them but was unable to obtain space so was unable to do same.

104.   At said time and location, DEFENDANT CLIFFORD improperly and wrongly accused Plaintiff of violations of AC §§20-465 (within 20 feet of subway) and 20-465(L) (vending at time place restricted).  Defendant Clifford issued Summonses E 140 206 377 and E 140 206 368, charging Plaintiff with violating AC §§20-465 and 20-465(L), respectively, despite the fact that Plaintiff was not vending, and despite the presence of non-Asian, non-First Amendment vendors who were allowed by Defendants Clifford and City to vend without disturbance.  Defendant Clifford caused two complaints to be docketed in the ECB, under Summonses E 140 206 377 and E 140 206 368, charging Plaintiff with violating AC §§20-465 and 20-465(L), respectively.  Said cases were dismissed in their entireties on or about June 8, 2005 as the result of an ECB hearing, wholly resolving all charges in Plaintiff's favor.  Plaintiff appeared at the ECB, on or about June 8, 2005 for a hearing and on July 18, 2005 for copies of

the decisions in his cases.

105.   As a direct and proximate consequence of the matters alleged re the May 28, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**June 18, 2005, 12:20 a.m. Incident (Jing Ren Chen -- selective enforcement)**

106.   On or about June 18, 2005, at approximately 12:20 a.m., at West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

107.   At said time and location, DEFENDANT DELHAYE improperly and wrongly accused Plaintiff of violating AC §20-465(m) (vending over ventilation grill) and PL §240.20(5) (disorderly conduct blocking pedestrian traffic), despite the fact that Plaintiff was not in violation of the law, and despite the presence of non-Asian, non-First Amendment vendors who were allowed to vend without disturbance from Defendants Delhaye or City.  Defendant Delhaye issued Summonses 425149208-0 and 425149209-2, charging Plaintiff with violating AC §20-465(m) and PL §240.20(5).

108.   Defendant Delhaye caused to be docketed in the Criminal Court two complaints, under Dockets 2005SN104256 and 2005SN104257 (*i.e.*, Summonses 425149208-0 and 425149209-2, respectively), charging Plaintiff with AC §20-465(m) and PL §240.20(5), respectively.  Said cases were dismissed in their entireties on or about July 14, 2005, wholly resolving all charges in Plaintiff's favor.

109.   As a direct and proximate consequence of the matters alleged re the June 18,

29

2005, 12:20 a.m. incident, Plaintiff suffered selective ticketing and harassment, emotional

trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**June 18, 2005, 5:00 p.m. Incident (Jing Ren Chen -- selective enforcement)**

110.  On or about June 18, 2005, at approximately 5:00 p.m., at West 46th Street

and Broadway, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist,

was at said location for the lawful purpose of displaying his own original portraits and drawing

portraits of passers-by to sell to them.

111.  At said time and location, DEFENDANT ATTIA improperly and wrongly

accused Plaintiff of violating AC §20-465(G) (peddling restricted time/location), while other

non-Asian, non-First Amendment vendors were allowed to vend undisturbed by Defendants

Attia and City.  Defendant Attia issued Summons E 134 397 340, charging Plaintiff with

violating AC §20-465(G).  Defendant Attia caused a complaint to be docketed in the ECB, under

Summons E 134 397 340, charging Plaintiff with violating AC §20-465(G).  Said case was

dismissed in its entirety on or about June 23, 2005, wholly resolving all charges in Plaintiff's

favor.  Plaintiff appeared at the ECB on or about June 23, 2005 for a hearing and on July 18,

2005 for a copy of the decision in his case.

112.  As a direct and proximate consequence of the matters alleged re the June 18,

2005, 5:00 p.m. incident, Plaintiff suffered selective ticketing and harassment, emotional trauma,

fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 3, 2005 Incident (Jing Ren Chen -- false arrest)**

113.  On or about July 3, 2005, at approximately 10:00 p.m., at West 47th Street

and 7th Avenue, in the County, City and State of New York, PLAINTIFF CHEN, a visual artist,

was at said location for the lawful purpose of displaying his own original portraits and drawing portraits of passers-by to sell to them.

114.   At said time and location, DEFENDANT PUN improperly and wrongly accused Plaintiff of violating AC §20-465(1) (peddler prohibited location/time), despite the fact that Plaintiff was not vending at the time but was merely sketching.  Defendant Pun falsely arrested Plaintiff and issued Summons E 140 217 285 charging Plaintiff, without probable cause, with violating AC §20-465(1).  Defendant Pun caused a complaint to be docketed in the ECB, under Summons E 140 217 285, charging Plaintiff with violating AC §20-465(1).  Said case was dismissed in its entirety on or about July 13, 2005, when Plaintiff appeared at an ECB hearing, wholly resolving all charges in Plaintiff's favor.

115.   Defendants City and Pun engaged in the aforedescribed conduct re the July 3, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Pun were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

116.   As a direct and proximate consequence of the matters alleged re the July 3, 2005 arrest, Plaintiff suffered false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 22, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- false arrest; selective enforcement; assault)**

117. On or about July 22, 2005, at approximately 9:50 p.m., at West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, PLAINTIFFS CHEN,

FANG, and YU (*i.e.*, Plaintiffs in related cases 2005 Civ. 4679 (AKH) (Chen) and 2005 Civ.

5943 (AKH) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose

of independently displaying his own original portraits and/or other artwork and drawing portraits

of passers-by and/or other artwork to sell to them.

118.  At said time and location, DEFENDANTS FILLS, CATTRANO, GILROY,

ORTIZ, O'SHEA, and JANSEN, each separately and together in concert with each other,

improperly and wrongly told Plaintiffs Chen, Fang, and Yu to move away from said location and

arrested and assaulted said Plaintiffs.

119.  Plaintiffs Chen, Fang and Yu did not argue with Defendants but were

subjected to assault, insults, arrest and intimidation by Defendants Fills, Cattrano, Gilroy, Ortiz,

O'Shea and Jansen.

120.  Defendants Fills, Cattrano, Gilroy, Ortiz, O'Shea, and/or Jansen twisted and

injured Plaintiff Chen's right arm, hand and wrist.  As a result of said assault in connection with

Plaintiff Chen's July 22, 2005 arrest, Plaintiff Chen was physically injured and suffered bruising,

swelling, pain and infection due to the actions of said Defendants, which necessitated Plaintiff

Chen's seeking and receiving medical treatment.

121.  Defendant Cattrano hit Plaintiff Fang in the neck, and Defendant Gilroy

twisted Plaintiff Fang's arm almost breaking it.  As a result of said assault in connection with

Plaintiff Fang's July 22, 2005 arrest, Plaintiff Fang was physically injured and suffered bruising,

swelling and pain due to the actions of said Defendants, which necessitated Plaintiff Fang's

seeking and receiving medical treatment.

122.  Defendants Fills, Cattrano, Gilroy, Ortiz, O'Shea, and/or Jansen assaulted

Plaintiff Yu and injured Plaintiff Yu's left arm and elbow.  As a result of said assault in

connection with Plaintiff Yu's July 22, 2005 arrest, Plaintiff Yu was physically injured and

suffered bruising, swelling and pain due to the actions of said Defendants, which necessitated

Plaintiff Yu's seeking and receiving medical treatment.

123.  Plaintiffs Chen, Fang, and Yu observed that neither Defendants Fills,

Cattrano, Gilroy, Ortiz, O'Shea, Jansen, nor any other police personnel harassed or otherwise

interfered with general merchandise and/or food vendors who were present at said location.

124.  Defendant O'Shea told Plaintiff Fang that artists have no First Amendment

rights on 42nd Street, but that photographers, food vendors and booksellers were allowed to stay

there vending.  Defendant O'Shea discriminatorily and insultingly said to Plaintiff Fang:

"Fucking Chinese.  How can Chinese people still be here?"

125.  As a result of Defendants Fills', Cattrano's, Gilroy's, Ortiz', O'Shea's, and

Jansen's malicious and improper interferences, harassment, insults, assaults, and arrests on July

22, 2005, Plaintiffs Chen, Fang, and Yu suffered pain, humiliation and economic injuries.

126.  Defendants Fills, Cattrano, Gilroy, Ortiz, O'Shea, Jansen, and/or other

police personnel handcuffed Plaintiffs Chen, Fang, and Yu.  Defendants Fills, Cattrano, Gilroy,

Ortiz, O'Shea, Jansen, and/or other police personnel transported Plaintiffs Chen, Fang, and Yu

by van to a police precinct, where said Plaintiffs were held in one or more jail cells.  Said

Plaintiffs were held at the police precinct for approximately one hour before being released.

127.  On or about July 22, 2005, at approximately 9:54 p.m., at West 42nd Street

between 7th and 8th Avenues, in the County, City and State of New York, Defendant Fills

improperly and wrongly accused Plaintiff Chen of violating PL §240.20 (disorderly conduct

impeding pedestrian traffic).  Defendant Cattrano improperly and wrongly accused Plaintiff Fang of violating PL §240.20(5a) (disorderly conduct), and Defendant Gilroy improperly and wrongly accused Plaintiff Fang of violating PL §240.20 (disorderly conduct impeding pedestrian traffic). Defendant Ortiz improperly and wrongly accused Plaintiff Liming Yu of violating PL §240.20 (disorderly conduct impeding pedestrian traffic).

128.  Defendant Fills falsely arrested Plaintiff Chen and issued Summons 425336363-5 charging Plaintiff Chen, without probable cause, with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).  Defendant Cattrano falsely arrested Plaintiff Fang and issued Summons 425336896-7 charging Plaintiff Fang, without probable cause, with violating PL §240.20(5a) (disorderly conduct), and Defendant Gilroy falsely arrested Plaintiff Fang and issued Summons 425336443-3 charging Plaintiff Fang, without probable cause, with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).  Defendant Ortiz falsely arrested Plaintiff Yu and issued Summons 425336521-8 charging Plaintiff Yu, without probable cause, with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).

129.  Defendant Fills caused to be docketed in the Criminal Court a complaint (*i.e.*, Summons 425336363-5), charging Plaintiff Chen with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).  Said case was dismissed in its entirety on or about September 1, 2005, wholly resolving the charges in Plaintiff's favor.

130.  Defendant Cattrano caused to be docketed in the Criminal Court a complaint, under Docket 2005SN123234 (*i.e.*, Summons 425336896-7), charging Plaintiff Fang with violating PL §240.20(5a) (disorderly conduct).  Said case was dismissed in its entirety on or about August 24, 2005, wholly resolving the charges in Plaintiff's favor.  Defendant Gilroy

34

caused to be docketed in the Criminal Court a complaint (*i.e.*, Summons 425336443-3), charging Plaintiff Fang with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).  Said case was dismissed in its entirety on or about September 1, 2005, wholly resolving the charges in Plaintiff's favor.

131.   Defendant Ortiz caused to be docketed in the Criminal Court a complaint, under Docket 2005SC009521 (*i.e.*, Summons 425336521-8), charging Plaintiff Yu with violating PL §240.20 (disorderly conduct impeding pedestrian traffic).  Said case was dismissed in its entirety on or about September 1, 2005, wholly resolving the charges in Plaintiff's favor.

132.   As a result of their July 22, 2005 arrests, Plaintiffs Chen, Fang, and Yu, and each of them, spent approximately one hour in the custody of Defendants and in the custody of the New York City Police Department, and spent time handcuffed and/or in jail cells.  Plaintiffs suffered pain, discomfort and emotional distress during the time they, and each of them, were held in custody and for a period of time thereafter.   Plaintiffs Chen, Fang, and Liming Yu, and each of them, appeared in the Criminal Court on or about September 1, 2005.

133.   Defendants City, Fills, Cattrano, Gilroy, Ortiz, O'Shea, Jansen, and/or other police personnel, and each of them, engaged in the aforedescribed conduct re the July 22, 2005 arrests for the common purpose of implementing the false and illegal arrests of Plaintiffs Chen, Fang, and Yu in violation of their, and each of their, constitutional and civil rights.  Said named Defendants and/or other police personnel, and each of them, were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assaults, arrests, charging or prosecutions of Plaintiffs Chen, Fang, and/or Yu.  Said Defendants are responsible for their acts and for the arrests, charging and prosecutions caused by them.

35

134.  As a direct and proximate consequence of the matters alleged re the July 22, 2005 arrests, Plaintiffs Chen, Fang, and Yu, and each of them, suffered selective and false arrest and confinement, harassment, assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 3, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement and treatment)**

135.  On or about August 3, 2005, at approximately 11:00 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS CHEN, FANG, and YU (*i.e.*, Plaintiffs in related cases 2005 Civ. 4679 (AKH) (Chen) and 2005 Civ. 5943 (AKH) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

136.  At said time and location, DEFENDANT SKRZYPEK improperly and wrongly told Plaintiffs Chen, Fang, and Yu to move, and picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs.  Defendant Skrzypek made "funny faces" and laughed at said Plaintiffs, and asked Plaintiff Fang if he was a man or a woman.  Defendant Skrzypek used his hand and arm to push Plaintiffs Chen and Yu, and Defendant Skrzypek used his hip and side to bump and push Plaintiff Fang.  Plaintiffs Chen, Fang, and Yu observed Defendant Skrzypek chasing away, harassing and interfering with other Asian artists besides themselves.  Plaintiffs observed that Defendant Skrzypek did not harass or otherwise interfere with non-Asian general merchandise and/or food vendors who were present. As a result of Defendant Skrzypek's malicious and improper interference and harassment,

36

Plaintiffs suffered humiliation and economic injuries.  Plaintiffs did not do anything improper or

illegal, and Defendant Skrzypek did not arrest Plaintiffs or issue any summonses to Plaintiffs.

137.  As a direct and proximate consequence of the matters alleged re the August

3, 2005 incident, Plaintiffs Chen, Fang, and Yu suffered selective enforcement, treatment and

harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of

income.

**August 5, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement and treatment)**

138.  On or about August 5, 2005, at approximately 9:15 p.m., at West 46th Street

between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS

CHEN, FANG, and YU (*i.e.*, Plaintiffs in related cases 2005 Civ. 4679 (AKH) (Chen) and 2005

Civ. 5943 (AKH) (Fang and Yu)), all visual artists, were each at said location for the lawful

purpose of independently displaying his own original portraits and/or other artwork and drawing

portraits of passers-by and/or other artwork to sell to them.

139.  At said time and location, DEFENDANT SKRZYPEK, in concert with

DEFENDANT LOPEZ, improperly and wrongly told Plaintiffs Chen, Fang, and Yu to move,

and Defendant Skrzypek picked up and tossed to the ground, towards a tree, various art materials

and/or implements belonging to said Plaintiffs.  Defendant Lopez taunted Plaintiffs, and asked

Plaintiff Fang in a demeaning manner how many times he had been arrested.  Defendant

Skrzypek used his hand and arm to push Plaintiffs Chen and Yu, and Defendant Skrzypek used

his hip and side to bump and push Plaintiff Fang.  Plaintiffs Chen, Fang, and Yu observed

Defendant Skrzypek, in concert with Defendant Lopez, chasing away, harassing and interfering

with other Asian artists besides themselves.  Plaintiffs observed that neither Defendant Skrzypek

nor Defendant Lopez harassed or otherwise interfered with non-Asian general merchandise and/or food vendors who were present.  As a result of Defendants Skrzypek's and Lopez' malicious and improper interference and harassment, Plaintiffs suffered humiliation and economic injuries.  Plaintiffs did not do anything improper or illegal, and neither Defendant Skrzypek nor Defendant Lopez arrested Plaintiffs or issued any summonses to Plaintiffs.

140.   As a direct and proximate consequence of the matters alleged re the August 5, 2005 incident, Plaintiffs Chen, Fang, and Yu suffered selective enforcement, treatment and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 20, 2005 Incident (Jing Ren Chen and Liming Yu -- selective enforcement and treatment)**

141.   On or about August 20, 2005, at approximately 9:15 p.m., at West 42nd Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS CHEN and YU (*i.e.*, Plaintiffs in related cases 2005 Civ. 4679 (AKH) (Jing Ren Chen) and 2005 Civ. 5943 (AKH) (Liming Yu), both visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

142.   At said time and location, DEFENDANTS SOLARSH and FAMIANO improperly and wrongly told Plaintiffs Chen and Yu as well as the individuals of and for whom they were drawing portraits to move.  Defendants Solarsh and Famiano improperly and wrongly told Plaintiffs that they were not allowed to draw pictures on 42nd Street, and that it was only the artists who could not stay on 42nd Street.  Plaintiffs observed that there were vendors on 42nd Street selling, *inter alia*, food, pictures, books, general merchandise, and photographs.  Plaintiffs

observed that Defendant Solarsh, Defendant Famiano, and /or other police personnel did not chase away, harass or otherwise interfere with any non-Asian photographers and/or general merchandise and/or food vendors who were present.  As a result of Defendants Solarsh's and Famiano's malicious and improper interference and harassment, Plaintiffs suffered humiliation and economic injuries.  Plaintiffs did not do anything improper or illegal, and Defendants Solarsh and Famiano did not arrest Plaintiffs or issue any summonses to them.

143.   As a direct and proximate consequence of the matters alleged re the August 20, 2005 incident, Plaintiffs Chen and Yu suffered selective enforcement, treatment and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

**August 25, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement and treatment)**

144.   On or about August 25, 2005, at approximately 10:30 p.m., at West 46th Street between Broadway and 8th Avenue, in the County, City and State of New York, PLAINTIFFS CHEN, FANG, and YU (*i.e.*, Plaintiffs in related cases 2005 Civ. 4679 (AKH) (Chen) and 2005 Civ. 5943 (AKH) (Fang and Yu)), all visual artists, were each at said location for the lawful purpose of independently displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

145.   At said time and location, DEFENDANT SKRZYPEK improperly and wrongly told Plaintiffs Chen, Fang, and Yu to move, and picked up and tossed to the ground, towards a tree, various art materials and/or implements belonging to said Plaintiffs.  Defendant Police Officer Skrzypek used his hand and arm to push Plaintiffs Chen and Yu, and his hip and side to bump and push Plaintiff Fang.  Plaintiffs Chen, Fang, and Yu observed Defendant

Skrzypek chasing away, harassing and interfering with other Asian artists besides themselves. Plaintiffs observed that Defendant Skrzypek did not harass or otherwise interfere with general merchandise and/or food vendors who were present.  As a result of Defendant Skrzypek's malicious and improper interference and harassment, Plaintiffs suffered humiliation and economic injuries.  Plaintiffs Chen, Fang, and Yu did not do anything improper or illegal, and Defendant Skrzypek did not arrest Plaintiffs or issue any summonses to them.

146.   As a direct and proximate consequence of the matters alleged re the August 25, 2005 incident, Plaintiffs Chen, Fang, and Yu suffered selective enforcement, treatment and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, property damage, and loss of income.

### PLAINTIFF YUTAN WANG

**March 27, 2004 Incident (Yutan Wang -- selective enforcement)**

147.   On or about March 27, 2004, at approximately 8:45 p.m., at approximately West 41st Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

148.   At said time and location, DEFENDANT RON BATCHELOR improperly and wrongly accused Plaintiff of violating AC §2-307(B) (fail to display price) and AC §2-307(C) (fail to offer receipt).  Defendants Batchelor and City allowed other non-Asian, non-First Amendment vendors to vend at said location without disturbance.

149.   At said time and location, Defendant Batchelor issued Summonses E 140

528 273 and E 140 528 282, charging Plaintiff with violating AC §2-307(B) and AC §2-307(C),

respectively.  Defendant Batchelor caused to be docketed in the ECB two complaints, under

Summonses E 140 528 273 and E 140 528 282, charging Plaintiff with violating AC §2-307(B)

and AC §2-307(C), respectively.  Said cases were dismissed in their entireties on or about

November 10, 2004, wholly resolving the charges in Plaintiff's favor.

151.    As a direct and proximate consequence of the matters alleged re the March

27, 2004 incident, Plaintiff suffered selective enforcement and harassment, emotional trauma,

fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 11, 2004 / October 10, 2004 Incident (Yutan Wang -- false arrest; selective
enforcement)**

151.    On or about August 11, 2004 / October 10, 2004, at approximately 1:00

a.m., at approximately West 42nd Street and 7th Avenue, in the County, City and State of New

York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose

of displaying his own original portraits and/or other artwork and drawing portraits of passers-by

and/or other artwork to sell to them.

152.    At said time and location, DEFENDANT KURKOWSKI and/or

DEFENDANT BUKOWSKI improperly and wrongly accused Plaintiff of violating AC §15-205

(obstructing fire hydrant), despite the fact that Plaintiff was not obstructing a fire hydrant.

Defendants Kurkowski, Bukowski and/or City allowed non-Asian, non-First Amendment

vendors to vend at the same time and location undisturbed.

153.    Defendant Kurkowski and/or Defendant Bukowski falsely arrested Plaintiff

and issued Summons 423051283-1 charging Plaintiff, without probable cause, with violating AC

§15-205 (obstructing fire hydrant).  Defendant Kurkowski and/or Defendant Bukowski caused to

41

be docketed in the Criminal Court a complaint, under Summons 423051283-1, charging Plaintiff

with violating AC §15-205 (obstructing fire hydrant).  Said case was dismissed in the Criminal

Court its entirety, wholly resolving the charges in Plaintiff's favor.

154.  Defendants City and Kurkowski and/or Bukowski engaged in the

aforedescribed conduct re the August 11, 2004 / October 10, 2004 arrest for the common purpose

of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil

rights.  Defendants City and Kurkowski and/or Bukowski were without probable cause or

justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of

Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and

prosecution caused by them.

155.  As a direct and proximate consequence of the matters alleged re the August

11, 2004 / October 10, 2004 arrest, Plaintiff suffered selective and false arrest, ticketing and

harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of

income.

**August 14, 2004 Incident (Yutan Wang -- selective enforcement)**

156.  On or about August 14, 2004, in the County, City and State of New York,

PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of

displaying his own original portraits and/or other artwork and drawing portraits of passers-by

and/or other artwork to sell to them.

157.  At said time and location, DEFENDANT LAGNESE improperly and

wrongly accused Plaintiff of disorderly conduct in violation of PL §240.20, despite the fact that

he was not blocking pedestrian traffic.  Defendants Lagnese and City allowed non-Asian, non-

First Amendment vendors present at said location at the same time to vend undisturbed.

Defendant Lagnese issued Summons 423049037-9, charging Plaintiff with violating PL §240.20

(disorderly conduct).  Defendant Lagnese caused to be docketed in the Criminal Court a

complaint, under Summons 423049037-9 (*i.e.*, Docket 2004SC012028), charging Plaintiff with

violating PL §240.20 (disorderly conduct).  Said case was dismissed in its entirety on or about

September 14, 2004 in the Criminal Court, wholly resolving the charges in Plaintiff's favor.

       158.  As a direct and proximate consequence of the matters alleged re the August

14, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear,

anguish, humiliation, embarrassment and insult, and loss of income.

**September 11, 2004, 2:29 p.m. Incident (Yutan Wang -- selective enforcement)**

       159.  On or about September 11, 2004, at approximately 2:29 p.m., at

approximately 566 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN

WANG, a visual artist, was at said location for the lawful purpose of displaying his own original

portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to

them.

       160.  At said time and location, DEFENDANT LEWIS improperly and wrongly

accused Plaintiff of violating AC §20-465(k) (peddling restricted), despite the fact that other

non-Asian, non-First Amendment vendors were present and allowed to vend without disturbance

by Defendants Lewis and City.  Defendant Lewis issued Summons E 135 079 717, charging

Plaintiff with violating AC §20-465(k) (peddling restricted).  Defendant Lewis caused to be

docketed in the ECB a complaint, under Summons E 135 079 717, charging Plaintiff with

violating AC §20-465(k) (peddling restricted).  Said case was dismissed in its entirety on or

about April 14, 2005, after an April 4, 2005 hearing, wholly resolving the charges in Plaintiff's favor.

161.  As a direct and proximate consequence of the matters alleged re the September 11, 2004, 2:29 p.m. incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 11, 2004, 11:35 p.m. Incident (Yutan Wang -- false arrest; selective enforcement)**

162.  On or about September 11, 2004, at approximately 11:35 p.m., at approximately West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

163.  At said time and location, DEFENDANT FERRARA improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic), despite the fact that he was not obstructing pedestrian traffic, and despite the fact that other non-Asian, non-First Amendment vendors were allowed to vend undisturbed by Defendants Ferrara and City.

164.  Defendant Ferrara falsely arrested Plaintiff and issued Summons 423220301-1 charging Plaintiff, without probable cause, with violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic).  Defendant Ferrara caused to be docketed in the Criminal Court a complaint, under Summons 423220301-1 (*i.e.*, Docket 2004SC013204), charging Plaintiff with violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic).  Said case was dismissed in its entirety on or about October 12, 2004 in the Arraignment

44

Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

165.   Defendants City and Ferrara engaged in the aforedescribed conduct re the September 11, 2004, 11:35 p.m. arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.   Defendants City and Ferrara were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.   Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

166.   As a direct and proximate consequence of the matters alleged re the September 11, 2004, 11:35 p.m. arrest, Plaintiff suffered selective and false arrest, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 26, 2004 Incident (Yutan Wang -- false arrest)**

167.   On or about September 26, 2004, at approximately 10:20 p.m., at approximately West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

168.   At said time and location, DEFENDANT LOUGHRAN improperly and wrongly accused Plaintiff of violating AC §20-465(M) (vending over ventilation), despite the fact that Plaintiff Yutan Wang was not vending over ventilation.   Defendant Loughran falsely arrested Plaintiff and issued Summons 423220301-1 charging Plaintiff, without probable cause, with violating AC §20-465(M) (vending over ventilation).

45

169.  Defendant Loughran caused to be docketed in the Criminal Court, a complaint, under Summons 423049905-0 (*i.e.*, Docket 2004SC013666), charging Plaintiff with violating AC §20-465(M) (vending over ventilation).  Said case was dismissed in its entirety on or about October 25, 2004 in the Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

170.  Defendants City and Loughran engaged in the aforedescribed conduct re the September 26, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Loughran were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

171.  As a direct and proximate consequence of the matters alleged re the September 26, 2004 arrest, Plaintiff suffered false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**October 21, 2004 Incident (Yutan Wang -- false arrest; selective enforcement)**

172.  On or about October 21, 2004, at approximately 10:42 p.m., at approximately West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

173.  At said time and location, DEFENDANT DiMARCO improperly and wrongly accused Plaintiff of violating AC §20-465I (vending in prohibited zone).  At the same

time and location other non-Asian, non-First Amendment vendors were present who were

allowed to vend undisturbed by Defendants DiMarco and City.  Defendant DiMarco falsely

arrested Plaintiff Yutan Wang and issued Summons 423220405-2 charging Plaintiff, without

probable cause, with violating AC §20-465I (vending in prohibited zone).  Defendant DiMarco

caused to be docketed in the Criminal Court a complaint, under Summons 423220405-2 (*i.e.*,

Docket 2004SC014789), charging Plaintiff with violating AC §20-465I (vending in prohibited

zone).  Said case was dismissed in its entirety on or about November 22, 2004 in the

Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

174.  Defendants City and DiMarco engaged in the aforedescribed conduct re the

October 21, 2004 arrest for the common purpose of implementing the false and illegal arrest of

Plaintiff in violation of his constitutional and civil rights.  Defendants City and DiMarco were

without probable cause or justification to arrest, charge or prosecute or to cause the arrest,

charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the

arrest, charging and prosecution caused by them.

175.  As a direct and proximate consequence of the matters alleged re the October

21, 2004 arrest, Plaintiff suffered selective and false arrest, ticketing and harassment, emotional

trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**November 7, 2004 Incident (Yutan Wang -- selective enforcement)**

176.  On or about November 7, 2004, at approximately 1:08 p.m., near 566 7th

Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual

artist, was at said location for the lawful purpose of displaying his own original portraits and/or

other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

177.   At said time and location, DEFENDANT FIORE improperly and wrongly accused Plaintiff of violating AC §20-465.1 (vending restricted time/place).  At the same time and location, other non-Asian, non-First Amendment vendors were present who were undisturbed by Defendants Fiore and City.  Defendant Fiore issued Summons 423780353-3, charging Plaintiff with violating AC §20-465.1 (vending restricted time/place).  Defendant Fiore caused to be docketed in the Criminal Court a complaint, under Summons 423780353-3 (*i.e.*, Docket 2004SC014868), charging Plaintiff with violating AC §20-465.1 (vending restricted time/place).  Said case was dismissed in its entirety on or about January 2, 2005 in the Criminal Court, wholly resolving the charges in Plaintiff's favor.

178.   As a direct and proximate consequence of the matters alleged re the November 7, 2004 incident, Plaintiff suffered selective enforcement, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**November 16, 2004 Incident (Yutan Wang -- selective enforcement)**

179.   On or about November 16, 2004, at approximately 7:45 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

180.   At said time and location, DEFENDANT EAGAN improperly and wrongly accused Plaintiff of violating AC §20-465(1) (restricted street).  Defendants Eagan and City allowed non-Asian and non-First Amendment vendors to vend at the same time and location undisturbed.  Defendant Eagan issued Summons E 134 426 409, charging Plaintiff with violating

48

AC §20-465(1) (restricted street).  Defendant Eagan caused a complaint to be docketed in the ECB, under Summons E 134 426 409, charging Plaintiff with violating AC §20-465(1) (restricted street).  Said case was dismissed in its entirety on or about January 4, 2005 in the ECB, after a January 4, 2005 hearing, wholly resolving the charges in Plaintiff's favor.

181.  As a direct and proximate consequence of the matters alleged re the November 16, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**December 11, 2004 Incident (Yutan Wang -- selective enforcement)**

182.  On or about December 11, 2004, at approximately 7:30 p.m., in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

183.  At said time and location, DEFENDANT PENNINGTON improperly and wrongly accused Plaintiff of violating AC §20-465(1) (prohibited area).  Defendants Pennington and City allowed non-Asian, non-First Amendment vendors present at the same time and location to vend undisturbed.  Defendant Pennington issued Summons E 135 098 536, charging Plaintiff with violating AC §20-465(1) (prohibited area).  Defendant Pennington caused a complaint to be docketed in the ECB, under Summons E 135 098 536, charging Plaintiff with violating AC §20-465(1) (prohibited area).  Said case was dismissed in its entirety on or about January 4, 2005 in the ECB, after a January 4, 2005 hearing, wholly resolving the charges in Plaintiff's favor.

184.  As a direct and proximate consequence of the matters alleged re the

49

December 11, 2004 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**January 1, 2005 Incident (Yutan Wang -- false arrest; selective enforcement)**

185.  On or about January 1, 2005, at approximately 10:05 p.m., at approximately in front of 4 Times Square, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

186.  At said time and location, DEFENDANT RANDAZZO improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic), despite the fact that Plaintiff was not obstructing pedestrian traffic, and despite the presence of non-Asian, non-First Amendment vendors who were allowed to vend by Defendants Randazzo and City undisturbed.

187.  Defendant Randazzo falsely arrested Plaintiff charging Plaintiff, without probable cause, with violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic). Defendant Randazzo caused to be docketed in the Criminal Court a complaint, under Docket 2004NY000729, charging Plaintiff with violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic).  Said case was dismissed in its entirety on or about July 1, 2005 in the Criminal Court, Plaintiff having received an ACD on or about January 2, 2005 when Plaintiff appeared in Court.  Thus, the charges were wholly resolved in Plaintiff's favor.

188.  As a result of his January 1, 2005 arrest, Plaintiff spent approximately 26½ hours in the custody of Defendants, the New York City Police Department and the New York

City Department of Correction, and spent time handcuffed and/or in jail cells.  Plaintiff suffered

discomfort and emotional distress during the time he was held in custody and for a period of time

thereafter.

189.  Defendants City and Randazzo engaged in the aforedescribed conduct re the

January 1, 2005 arrest for the common purpose of implementing the false and illegal arrest of

Plaintiff in violation of his constitutional and civil rights.  Defendants City and Randazzo were

without probable cause or justification to arrest, charge or prosecute or to cause the arrest,

charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the

arrest, charging and prosecution caused by them.

190.  As a direct and proximate consequence of the matters alleged re the January

1, 2005 arrest, Plaintiff suffered selective and false arrest, confinement and harassment,

emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**February 22, 2005 Incident (Yutan Wang -- selective enforcement)**

191.  On or about February 22, 2005, at approximately 1:00 p.m., at

approximately West 43rd Street near 7th Avenue, in the County, City and State of New York,

PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of

displaying his own original portraits and/or other artwork and drawing portraits of passers-by

and/or other artwork to sell to them.

192.  At said time and location, DEFENDANT SPANO improperly and wrongly

accused Plaintiff of violating AC §20-465(e1) (vending within 10' of crosswalk), despite the fact

that he was not in violation of said regulation, and despite the presence of non-Asian, non-First

Amendment vendors who were allowed to vend undisturbed by Defendants Spano and City.

51

Defendant Spano issued Summons E 140 200 089, charging Plaintiff with violating AC §20-465(e1) (vending within 10' of crosswalk).  Defendant Spano caused a complaint to be docketed in the ECB, under Summons E 140 200 089, charging Plaintiff with violating AC §20-465(e1) (vending within 10' of crosswalk).  Said case was dismissed in its entirety on or about January 4, 2005 in the ECB, after a January 4, 2005 hearing, wholly resolving the charges in Plaintiff's favor.

193.  As a direct and proximate consequence of the matters alleged re the February 22, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**March 5, 2005 Incident (Yutan Wang -- selective enforcement)**

194.  On or about March 5, 2005, at approximately 2:45 p.m., at approximately opposite 205 West 43rd Street, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

195.  At said time and location, DEFENDANT ORLANDO improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic), despite the fact that Plaintiff was not impeding pedestrian traffic, and despite the fact that non-Asian, non-First Amendment vendors were present who were allowed to vend undisturbed. Defendant Orlando issued Summons 424677919-2, charging Plaintiff with violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic).

196.  Defendant Orlando caused to be docketed in the Criminal Court, a

complaint, under Summons 424677919-2 (*i.e.*, Docket 2005SC003491), charging Plaintiff with violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic).  Said case was dismissed in its entirety on or about March 31, 2005 in the Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

197.  As a direct and proximate consequence of the matters alleged re the March 5, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**March 19, 2005 Incident (Yutan Wang -- selective enforcement)**

198.  On or about March 19, 2005, at approximately 2:14 p.m., at approximately West 43rd Street and Broadway, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

199.  At said time and location, DEFENDANT COLLINS (Tax Registry # improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic), despite the fact that Plaintiff was not impeding pedestrian traffic, and despite the presence of non-Asian, non-First Amendment vendors who were allowed by Defendants Collins and City to vend undisturbed.  Defendant Collins issued Summons 424677774-2 charging Plaintiff with violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic).  Defendant Collins caused to be docketed in the Criminal Court a complaint, under Summons 424677774-2 (*i.e.*, Docket 2005SC003493), charging Plaintiff with violating PL §240.20(5) (disorderly conduct, impeding pedestrian traffic).  Said case was dismissed in its

entirety on or about March 31, 2005 in the Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

200.  As a direct and proximate consequence of the matters alleged re the March 19, 2005 incident, Plaintiff suffered selective ticketing and harassment emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 4, 2005 Incident (Yutan Wang -- false arrest; selective enforcement)**

201.  On or about July 4, 2005, at approximately 2:50 p.m., at approximately West 45th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

202.  At said time and location, DEFENDANT MUNDY improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, blocking pedestrian traffic), despite the fact that Plaintiff was not blocking pedestrian traffic, and despite the fact that Defendants Mundy and City allowed other non-Asian, non-First Amendment vendors to vend undisturbed.  Defendant Mundy falsely arrested Plaintiff and issued Summons 424681770-3 charging Plaintiff, without probable cause, with violating PL §240.20(5) (disorderly conduct, blocking pedestrian traffic).  Defendant Mundy caused to be docketed in the Criminal Court a complaint, under Summons 424681770-3 (*i.e.*, Docket 2005SC008759), charging Plaintiff with said violation.  Said case was dismissed in its entirety on or about August 1, 2005 in the Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

203.  Defendants City and Mundy engaged in the aforedescribed conduct re the

July 4, 2005 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Mundy were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

204.  As a direct and proximate consequence of the matters alleged re the July 4, 2005 arrest, Plaintiff suffered selective and false arrest, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 6, 2005 Incident (Yutan Wang -- selective enforcement)**

205.  On or about August 6, 2005, at approximately 10:30 p.m., at approximately West 43rd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF YUTAN WANG, a visual artist, was at said location for the lawful purpose of displaying his own original portraits and/or other artwork and drawing portraits of passers-by and/or other artwork to sell to them.

206.  At said time and location, DEFENDANT BESMER improperly and wrongly accused Plaintiff of violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic), despite the fact that he was not obstructing pedestrian traffic, and despite the presence of non-Asian, non-First Amendment vendors who were allowed by Defendants Besmer and City to vend undisturbed.  Defendant Besmer issued Summons 424950293-4 charging Plaintiff with violating PL §240.20(5) (disorderly conduct, obstructing pedestrian traffic).  Defendant Besmer caused to be docketed in the Criminal Court a complaint, under Summons 424950293-4 (*i.e.*, Docket 2005SC009586), charging Plaintiff with violating PL §240.20(5) (disorderly conduct,

obstructing pedestrian traffic).  Said case was dismissed in its entirety on or about September 8, 2005 in the Arraignment Part of the Criminal Court, wholly resolving the charges in Plaintiff's favor.

207.  As a direct and proximate consequence of the matters alleged re the August 6, 2005 incident, Plaintiff suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## TAO SHEN and XIANGDONG ZHENG

## April 8, 2005 Incident (Tao Shen and Xiangdong Zheng -- selective enforcement)

208.  On or about April 8, 2005, at approximately 11:00 p.m., in front of 705 Seventh Avenue (West 47th Street and 7th Avenue), in the County, City and State of New York, PLAINTIFFS TAO SHEN and ZHENG, visual artists, were each at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

209.  At said time and location, DEFENDANT PERILLO, acting in concert with DEFENDANT SINGH, issued Summons 420514938-4 charging Plaintiff Tao Shen with Disorderly Conduct in violation of PL §240.20(5).  Defendants Singh and Perillo also issued Summons 424016370-5 charging Plaintiff Zheng with Disorderly Conduct in violation of PL §240.20(5).

210.  At said time and location, there were a number of other street artists present, including Plaintiff Zheng, as well as non-Asian vendors selling general merchandise.  Besides Plaintiff Zheng, none of these other street artists were arrested, issued a summons, questioned, told to leave or otherwise harassed by either Defendant Perillo, Defendant Singh, or any other Defendants or police personnel.

211.  During the course of the issuance of Plaintiff Tao Shen's April 8, 2005 summons, Defendant Perillo took Plaintiff Tao Shen's sales tax certificate of authority and did not return it.

212.  On or about April 8, 2005, Defendant Perillo caused to be docketed in the Criminal Court a complaint, under Docket 2005SC005831, charging Plaintiff Tao Shen with Disorderly Conduct in violation of PL §240.20(5).   Defendant Singh caused to be docketed in the Criminal Court a complaint, under Docket 2005SC005842, charging Plaintiff Zheng with Disorderly Conduct in violation of PL §240.20(5).  Both of Plaintiffs' cases were dismissed in their entireties on or about May 17, 2005, when Plaintiffs appeared in Court, wholly resolving the charges in favor of Plaintiffs.

213.  As a direct and proximate consequence of the matters alleged re the April 8, 2005 incident, Plaintiffs Tao Shen and Zheng suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income and loss of personal property.

**QUANLI QI**

**June 23, 2003 Incident (Quanli Qi -- false arrest; contempt of court)**

214.  On or about June 23, 2003, at approximately 5:50 p.m., in front of 34-41 Linden Place, in the County of Queens, City and State of New York, PLAINTIFF QUANLI QI, a visual artist, was lawfully at said location.

215.  At said time and location, DEFENDANT FASULO falsely placed Plaintiff under arrest, and issued Plaintiff summonses, without probable cause.  Defendant Fasulo issued Plaintiff Summons 413500405-2 ("fail to carry and exhibit license"), which resulted in Criminal

Court Docket 2003SQ053718; and Defendant Fasulo issued Plaintiff Summons 413500697-8 ("unlicensed general vendor") in violation of AC §20-453, which resulted in Criminal Court Docket 2003SQ053647, despite the fact that Plaintiff is not required to "carry a license."

216.  On or about June 23, 2003, Defendant Fasulo caused to be docketed in the Criminal Court, County of Queens, complaints with respect to the aforementioned summonses, under Criminal Court Docket 2003SQ053718 and Criminal Court Docket 2003SQ053647.  Said complaints were dismissed in their entireties on or about January 29, 2004, Plaintiff having received an ACD on or about July 30, 2003 when he appeared in Court.

217.  Defendants City and Fasulo committed the above actions and engaged in the conduct described above with regard to Plaintiff's June 23, 2003 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights, and in contempt of the permanent injunction in *Bery*.  Defendants City and Fasulo were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

218.  As a direct and proximate consequence of the matters alleged re the June 23, 2003 arrest, Plaintiff suffered false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**August 31, 2003 Incident (Quanli Qi -- selective enforcement; false arrest; contempt of court)**

219.  On or about August 31, 2003, at approximately 12:15 p.m., at 1530 Broadway, near West 47th Street, in the County, City and State of New York, PLAINTIFF QI, a visual artist, was at said location for the lawful purpose of displaying and creating artwork to sell

58

to passers-by.

220.  At said time and location, DEFENDANT LECLERC improperly and wrongly asked Plaintiff for his general vendors license, even though First Amendment vendors, such as visual artists like Plaintiff, are not required to possess such a license.

221.  At said time and location, Defendant Leclerc falsely placed Plaintiff under arrest, without probable cause, and charged Plaintiff with violating AC §20-453 ("unlicensed general vendor"), while non-Asian, non-First Amendment vendors who were present were allowed to vend undisturbed by Defendants Leclerc and City.  Defendant Leclerc and DEFENDANT BLAKE caused to be docketed in the Criminal a complaint, under Docket 2003NY058204, charging Plaintiff with violating AC §20-453 ("unlicensed general vendor"). As a result, Plaintiff spent over 24 hours in the custody of Defendants, the New York City Police Department and the New York City Department of Correction, and spent time handcuffed and/or in jail cells.  Plaintiff suffered during the time he was held in custody and thereafter.

222. As a result of his August 31, 2003 arrest and the resultant Criminal Court case, Plaintiff Qi appeared in the Criminal Court on September 1, 2003.  When Plaintiff was finally brought before the arraigning judge, he was advised to plead guilty by his assigned counsel, and was sentenced to time served in jail, the payment of a mandatory surcharge as well as a crime victims assistance fee.  Plaintiff paid the surcharge and the crime victims assistance fee.  Plaintiff subsequently retained new counsel and brought a motion to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel when he was advised to plead guilty.  The District Attorney opposed said motion, and the trial Court denied it. Plaintiff then brought a motion for reargument which was again denied, and Plaintiff moved the

Appellate Term for permission to appeal.  The District Attorney opposed, and Plaintiff was

granted permission to appeal by the Appellate Term.  Plaintiff on appeal argued, *inter alia*, that

his First Amendment rights were violated when he was arrested, and that he was deprived of his

right to effective assistance of counsel when his attorney failed to move to dismiss the charge

against him.  The appeal was fully briefed and argued before the Appellate Term and, after oral

argument was had, the Appellate Term unanimously reversed the lower Court's decision and

remanded Plaintiff's case to the trial Court for a hearing on the issue of whether there was a

reasonable explanation for Plaintiff's trial counsel's failure to move to dismiss and whether such

defense was likely to have succeeded.  Ultimately, a hearing was held by the trial Court at which

Plaintiff's former attorney testified, and Plaintiff's judgment of conviction was vacated.  Plaintiff

thereupon filed motions seeking dismissal of the case and, in the event a dismissal was not

granted, suppression of physical evidence seized from him, as well as the granting of certain

discovery.  The Court denied Plaintiff's motion to dismiss, but granted him a *Mapp/Dunaway*

hearing.  After several more Court appearances, Plaintiff's case was finally sent out to trial.  The

trial judge reversed the previous granting of a suppression hearing, and the matter went straight

to trial.  After receipt of testimony from Defendant Leclerc and Plaintiff, and after both sides

rested, the trial Court dismissed the case against Plaintiff in its entirety, finally ending the

Criminal Court matter, which should never have been commenced in the first place, on May 2,

2007.

    223.  Defendants City, Leclerc, and Blake engaged in the aforedescribed conduct

re the August 31, 2003 arrest for the common purpose of implementing the false and illegal

arrest of Plaintiff Qi in violation of his constitutional and civil rights, and in contempt of the

*Bery* injunction.  Defendants City, Leclerc, and Blake were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

224.  As a direct and proximate consequence of the matters alleged re the August 31, 2003 arrest, Plaintiff Qi suffered selective and false arrest and confinement, harassment, contempt of court, physical discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, legal expenses, loss of income, and loss of personal property.

**June 27, 2004 Incident (Quanli Qi -- selective enforcement)**

225.  On or about June 27, 2004, at approximately 1:40 p.m., near 5 Times Square, in the County, City and State of New York, PLAINTIFF QI, a visual artist, was at said location for the lawful purpose of creating artwork to sell to passers-by.

226.  At said time and location, DEFENDANT DOODY issued Summons E 133 814 946 charging Plaintiff with violating AC §20-465.1.  Defendants Doody and City allowed non-Asian, non-First Amendment vendors who were present to vend without interference. Defendant Doody caused a complaint to be docketed in the ECB, under Summons E 133 814 946 charging Plaintiff with violating AC §20-465.1.  Said case was dismissed in its entirety as a result of a hearing held at the ECB on or about July 27, 2004, wholly resolving the charges in Plaintiff's favor.

227.  As a direct and proximate consequence of the matters alleged re the June 27, 2007 incident, Plaintiff Qi suffered selective ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

## JIAN FA FANG

**July 4, 2004 Incident (Jian Fa Fang -- false arrest; selective enforcement)**

228.  On or about July 4, 2004, at approximately 1:40 a.m., at West 46th Street and Broadway, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

229.  At said time and location, DEFENDANT GUARNACCIA improperly and wrongly accused Plaintiff of disorderly conduct in violation of PL §§240.20(5) and 240.20(6), despite the fact that Plaintiff had not violated said sections of the Penal Law, and despite the fact that Defendants Guarnaccia and City allowed non-Asian, non-First Amendment vendors to vend at said location at said time without disturbance.

230.  At said time and location, Defendant Guarnaccia falsely arrested Plaintiff and issued Summonses 423132121-8 and 423132122-0 charging Plaintiff, without probable cause, with disorderly conduct in violation of PL §§240.20(5) and 240.20(6), respectively. DEFENDANTS GUARRIELLO and McCRAY assisted Defendant Guarnaccia in his July 4, 2004 arrest and charging of Plaintiff.  Plaintiff spent approximately 30 minutes in the custody of Defendants at a police precinct.

231.  On or about July 4, 2004, Defendant Guarnaccia, with the assistance of Defendants Guarriello and McCray, caused to be docketed in the Criminal Court two complaints, under Dockets 2004SC011055 and 2004SC011056, charging Plaintiff with disorderly conduct in violation of PL §§240.20(5) and 240.20(6), respectively.  Said cases were dismissed in their entireties in the Criminal Court, on or about September 16, 2004, wholly resolving all charges in Plaintiff's favor.

232. As a result of his July 4, 2004 arrest and the Criminal Court cases, Plaintiff appeared in Criminal Court on August 20, 2004 and September 16, 2004.

233.  Defendants City, Guarnaccia, Guarriello and McCray engaged in the aforedescribed conduct re the July 4, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City, Guarnaccia, Guarriello and McCray were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

234.  As a direct and proximate consequence of the matters alleged re the July 4, 2004 arrest, Plaintiff suffered selective and false arrest and confinement, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 9, 2004 Incident (Jian Fa Fang -- selective enforcement and treatment)**

235.  On or about approximately Friday, 07/09/04, at approximately 8:00 to 9:00 p.m., at approximately West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

236. At said time and location, DEFENDANT SANTIAGO harassed Plaintiff without probable cause or justification.  Defendant Santiago told Plaintiff to go to a side street because he did not have a license and because he did not pay tax, while at the same time and place from whence Defendant Santiago was chasing away Plaintiff there were non-Asian general merchandise vendors and food vendors operating.  Defendant Santiago told Plaintiff that he

63

should bring his tax returns to prove that he paid tax.  Defendant Santiago made additional

harassing and derogatory comments to Plaintiff and, in addition, made slurs with respect to

Plaintiff being Chinese.  Defendant Santiago told Plaintiff that he did not want to see him again.

Defendant Santiago damaged Plaintiff's drawing and drawing paper.  Plaintiff was frightened by

Defendant Santiago intimidating conduct and comments so Plaintiff left the area.  Plaintiff did

not do anything improper or illegal, and Defendant Santiago did not arrest Plaintiff or issue any

summonses to Plaintiff.

237.  As a direct and proximate consequence of the matters alleged re Plaintiff's

(approximately) July 9, 2004 incident, Plaintiff suffered selective harassment and intimidation,

emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss

of personal property.

**July 24, 2004 or July 25, 2004 Incident (Jian Fa Fang -- selective enforcement; assault; conversion)**

238.  On or about July 24, 2004 or July 25, 2004, at approximately 12:30 a.m., at

West 47th Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF FANG,

a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to

sell to them.

239.  At said time and location, DEFENDANT SANTIAGO improperly and

wrongly accused Plaintiff of violating AC §20-465M ("set up display on ventilation grill").

Defendant Santiago issued Summons 412319883-1 charging Plaintiff with violating AC §20-

465M ("set up display on ventilation grill").  DEFENDANT GAHN assisted Defendant Santiago

in his July 24, 2004 or July 25, 2004 charging of Plaintiff.

240.  Defendant Santiago treated Plaintiff roughly, and in particular hit Plaintiff s

64

right hand, causing painful injuries to his hand and arm that required hospital treatment and

Plaintiff's wearing of a cast.  As a result of said assault in connection with the July 24, 2004 or

July 25, 2004 incident, Plaintiff was physically injured and suffered bruising, swelling and pain

to his right wrist, fingers and arm due to the actions of Defendant Santiago, and was unable to

work for a period of time after said Defendant's assault.

241.  Defendant Santiago made derogatory, insulting and harassing comments to

Plaintiff, such as telling him that he was not a real artist because he was drawing in the street and

stating that he was giving him a $1,000 ticket this time but that next time he would give him a

$2,000 ticket.  As a result of Defendant Santiago's remarks, Plaintiff suffered embarrassment

and anguish, humiliation, and emotional distress.

242.  Defendant Santiago broke Plaintiff's charcoal and damaged his drawing

paper.

243.  Although other artists were present, only Plaintiff was charged, assaulted

and harassed.

244.  Defendant Santiago, with the assistance of Defendant Gahn, caused to be

docketed in the Criminal Court a complaint, charging Plaintiff with violating AC §20-465M

("set up display on ventilation grill").  Said case was dismissed in its entirety in the Criminal

Court on or about September 22, 2004, when Plaintiff appeared in Court, wholly resolving the

charges in Plaintiff's favor.

245.  As a direct and proximate consequence of the matters alleged re the July 24,

2004 or July 25, 2004 incident, Plaintiff suffered selective enforcement, treatment and ticketing,

assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear,

anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property.

**August 14, 2004 Incident (Jian Fa Fang -- selective enforcement)**

246.  On or about August 14, 2004, at approximately 2:55 p.m., at West 43rd Street and Broadway, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

247.  At said time and location, DEFENDANT ROMAN improperly and wrongly accused Plaintiff of violating AC §20-465(1) ("peddling restricted time and location"), other non-Asian, non-First Amendment vendors present were undisturbed by Defendants Roman and City.

248.  Defendant Roman issued Summons 421719888-7 charging Plaintiff with violating AC §20-465(1).  Defendant Roman caused a complaint to be docketed in the Criminal Court (Docket 2004SC011913) charging Plaintiff Fang with a violation of AC §20-465(1). Said case was dismissed in its entirety in the Criminal Court on or about September 14, 2004, when Plaintiff appeared in Court, wholly resolving the charges in Plaintiff's favor.

249.  As a direct and proximate consequence of the matters alleged re the August 14, 2004 incident, Plaintiff suffered selective treatment, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 18, 2004 Incident (Jian Fa Fang -- false arrest; selective enforcement)**

250.  On or about September 18, 2004, at approximately 12:55 a.m., in front of 1560 Broadway, near West 47th Street, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-

by to sell to them.

251.  At said time and location, DEFENDANT MEEHAN improperly and wrongly accused Plaintiff of disorderly conduct in violation of PL §240.20, despite the fact that Plaintiff Fang was not in violation of said law and that there were other non-Asian, non-First Amendment vendors present who were allowed to vend undisturbed by Defendants Meehan and City.

252.  At said time and location, Defendant Meehan falsely arrested Plaintiff and issued Summons 421719675-1 charging Plaintiff, without probable cause, with disorderly conduct in violation of PL §240.20.  DEFENDANTS MATTHEWS and TEAGUE assisted Defendant Meehan in his September 18, 2004 arrest and charging of Plaintiff.  Defendant Meehan, with the assistance of Defendants Matthews and Teague, caused to be docketed in the Criminal a complaint, under Docket 2004SC014665, charging Plaintiff with disorderly conduct in violation of PL §240.20.  Said case was dismissed in its entirety in the Criminal Court on or about November 18, 2004, when Plaintiff Fang appeared in Court, wholly resolving the charges in Plaintiff's favor.

253.  Defendants City, Meehan, Matthews, and Teague engaged in the aforedescribed conduct re the September 18, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City, Meehan, Matthews, and Teague were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

254.  As a direct and proximate consequence of the matters alleged re the September 18, 2004 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**September 25, 2004 Incident (Jian Fa Fang -- false arrest; selective enforcement)**

255.  On or about September 25, 2004, at approximately 8:22 p.m., at West 42nd Street and 7th Avenue, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

256.  At said time and location, DEFENDANT GRACE improperly and wrongly accused Plaintiff of disorderly conduct in violation of PL §240.20(5) (blocking pedestrian traffic), even though Plaintiff Fang was not blocking pedestrian traffic and other non-Asian, non-First Amendment vendors were present and allowed to vend undisturbed by Defendants Grace and City.

257.  Defendant Grace falsely arrested Plaintiff and issued Summons 423051620-4 charging Plaintiff, without probable cause, with disorderly conduct in violation of PL §240.20(5).  DEFENDANT GARRITY assisted Defendant Grace in his September 25, 2004 arrest and charging of Plaintiff.

258.  Defendant Grace, with the assistance of Defendant Garrity, caused to be docketed in the Criminal Court a complaint, under Docket 2004SC013602, charging Plaintiff with disorderly conduct in violation of PL §240.20(5).  Said case was dismissed in its entirety in the Criminal Court on or about October 25, 2004, when Plaintiff appeared in Court, wholly resolving the charges in Plaintiff's favor.

259.  Defendants City, Grace, and Garrity engaged in the aforedescribed conduct re the September 25, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City, Grace, and Garrity were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

260.  As a direct and proximate consequence of the matters alleged re the September 25, 2004 arrest, Plaintiff suffered selective and false arrest, harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**December 21, 2004 and/or December 29, 2004 Incident (Jian Fa Fang) -- false arrest; selective enforcement**

261.  On or about December 21, 2004 and/or December 29, 2004, at approximately 9:05 p.m., in front of 626 Fifth Avenue, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

262.  At said time and location, DEFENDANT ANDREULA improperly and wrongly accused Plaintiff of vending in a bus stop in violation of AC §20-465(e), even though Plaintiff was not in violation of any law and non-Asian food and other vendors were allowed to continue to vend undisturbed by Defendants Andreula and City.

263.  Defendant Andreula falsely arrested Plaintiff and issued Summons E 134 427 188 charging Plaintiff, without probable cause, with vending in a bus stop in violation of AC §20-465(e).

264.  During the course of said December 21, 2004 and/or December 29, 2004

69

arrest, Defendant Andreula spoke to Plaintiff in an abusive manner, saying:  "Get the fuck out of here." and "You want to get my name or you want to get out of here?"

265.  Defendant Andreula caused a complaint to be docketed in the ECB, under Summons E 134 427 188, charging Plaintiff with vending in a bus stop in violation of AC §20-465(e).  Said case was dismissed in its entirety on or about January 4, 2005, when Plaintiff appeared at an ECB hearing, wholly resolving the charges in Plaintiff's favor.

266.  Defendants City and Andreula engaged in the aforedescribed conduct re the December 21, 2004 and/or December 29, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights. Defendants City and Andreula were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

267.  As a direct and proximate consequence of the matters alleged re the December 21, 2004 and/or December 29, 2004 arrest, Plaintiff suffered selective and false arrest, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 20, 2005 Incident (Jian Fa Fang) -- false arrest; selective enforcement; assault**

268.  On or about July 20, 2005, at approximately 10:46 p.m., in front of 220 West 42nd Street, in the County, City and State of New York, PLAINTIFF FANG, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

269.  At said time and location, DEFENDANT DONATO improperly and

wrongly accused Plaintiff of disorderly conduct in violation of PL §240.20(6), even though

Plaintiff was not in violation of the law and other non-Asian, non-First Amendment vendors

were allowed to vend undisturbed by Defendants Donato and City.  Defendant Donato falsely

arrested Plaintiff and issued Summons 424953201-0 charging Plaintiff, without probable cause,

with disorderly conduct in violation of PL §240.20(6).

270.  During the course of the July 20, 2005 arrest, Defendant Donato struck

Plaintiff's chest with his open hand,  pushing Plaintiff and causing him pain and discomfort.

271.  Defendant Donato also told Plaintiff to move away from the subject

location, that the artists could not stay, and that only the food vendors could stay.  At the same

time Defendant Donato told Plaintiff to move, Defendant Donato allowed food vendors, such as

peanut sellers, to stay and continue to sell their food at the subject location.

272.  Defendant Donato caused to be docketed in the Criminal Court a complaint,

under Docket 2005SC009267, charging Plaintiff with disorderly conduct in violation of PL

§240.20(6).  Said case was dismissed in its entirety in the Criminal Court when Plaintiff

appeared in Court on or about August 22, 2005, wholly resolving the charges in Plaintiff's favor.

273.  As a result of his July 20, 2005 arrest, Plaintiff spent approximately one

hour in the custody of Defendants and the New York City Police Department, and spent time

handcuffed and/or in jail cells.  Plaintiff suffered discomfort and emotional distress during the

time he was held in custody and for a period of time thereafter.

274.  Defendants City and Donato engaged in the aforedescribed conduct re the

July 20, 2005 arrest for the common purpose of implementing the false and illegal arrest of

Plaintiff in violation of his constitutional and civil rights.  Defendants City and Donato were

without probable cause or justification to assault, arrest, charge or prosecute or to cause the

assault, arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their

acts and for the assault, arrest, charging and prosecution caused by them.

275.  As a direct and proximate consequence of the matters alleged re the July 20,

2005 arrest, Plaintiff suffered selective and false arrest, confinement, ticketing and harassment,

assault, physical injury and disability, physical pain and discomfort, emotional trauma, fear,

anguish, humiliation, embarrassment and insult, and loss of income.

**July 22, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- false arrest,
selective enforcement, assault)**

276.  *See* Paragraphs 117 through 134, *supra*.

**August 3, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective
enforcement)**

277.  *See* Paragraphs 135 through 137, *supra*.

**August 5, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective
enforcement)**

278.  *See* Paragraphs 138 through 140, *supra*.

**August 25, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective
enforcement)**

279.  *See* Paragraphs 144 through 146, *supra*.

## LIMING YU

**August 14, 2004 Incident (Liming Yu -- selective enforcement)**

280.  On or about August 14, 2004, at approximately 9:00 p.m., at West 43rd

Street and Broadway, in the County, City and State of New York, PLAINTIFF YU, a visual

artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to

them.

281.    At said time and location, DEFENDANT BASCOM improperly and wrongly accused Plaintiff of violating AC §20-465(6) ("vending in a prohibited area"), even though other non-Asian, non-First Amendment vendors were present and allowed to vend undisturbed by Defendants Bascom and City.  Defendant Bascom issued Summons 422336177-6, charging Plaintiff Yu with violating AC §20-465(6).  Defendant Bascom caused to be docketed in the Criminal Court a complaint (Docket 2004SC011963), charging Plaintiff with violating AC §20-465(6).  Said case was dismissed in its entirety in the Criminal Court when Plaintiff appeared in Court on or about September 14, 2004, wholly resolving the charges in Plaintiff's favor.

282.    As a direct and proximate consequence of the matters alleged re the August 14, 2004 incident, Plaintiff suffered selective treatment, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**December 21, 2004 Incident (Liming Yu -- false arrest; selective enforcement)**

283.    On or about December 21, 2004, at approximately 9:00 p.m., in front of 626 Fifth Avenue, in the County, City and State of New York, PLAINTIFF YU, a visual artist, was at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

284.    At said time and location, DEFENDANT TROVATO improperly and wrongly accused Plaintiff of vending in a "bus stop" in violation of AC §20-465E, even though Plaintiff was not in violation of any law and non-Asian food and other vendors were allowed to continue to vend undisturbed by Defendants Trovato and City.

285.    At said time and location, Defendant Trovato falsely arrested Plaintiff and

73

issued Summons E 134 375 277 charging Plaintiff, without probable cause, with vending in a "bus stop" in violation of AC §20-465E.

285.   During the course of the December 21, 2004 arrest, Plaintiff asked Defendant Trovato for his name and badge number, and Defendant Trovato retaliated by issuing Plaintiff a second summons (*i.e.*, Summons E 134 375 286), without probable cause, which summons maliciously and falsely charged Plaintiff with vending "not at curb" in violation of AC §20-465A.

287.   During the course of Plaintiff's December 21, 2004 arrest, Defendant Trovato spoke to Plaintiff in an abusive manner, saying to Plaintiff:  "You motherfucker."

288. Defendant Trovato caused two complaints to be docketed in the ECB, under Summonses E 134 375 277 and E 134 375 286, charging Plaintiff with vending in a "bus stop" in violation of AC §20-465E and with vending "not at curb" in violation of AC §20-465A, respectively.  Said cases were dismissed in their entireties at the ECB on or about March 28, 2005, after Plaintiff appeared at hearings held on January 4, 2005, wholly resolving all charges in Plaintiff's favor.

289.   Defendants City and Trovato engaged in the aforedescribed conduct re the December 21, 2004 arrest for the common purpose of implementing the false and illegal arrest of Plaintiff in violation of his constitutional and civil rights.  Defendants City and Trovato were without probable cause or justification to arrest, charge or prosecute or to cause the arrest, charging or prosecution of Plaintiff.  Said Defendants are responsible for their acts and for the arrest, charging and prosecution caused by them.

290.   As a direct and proximate consequence of the matters alleged re the

74

December 21, 2004 arrest, Plaintiff suffered selective and false arrest, ticketing and harassment, emotional trauma, fear, anguish, humiliation, embarrassment and insult, and loss of income.

**July 22, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- false arrest, selective enforcement, assault)**

      291.  *See* Paragraphs 117 through 134, *supra*.

**August 3, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement)**

      292.  *See* Paragraphs 135 through 137, *supra*.

**August 5, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement)**

      293.  *See* Paragraphs 138 through 140, *supra*.

**August 20, 2005 Incident (Jing Ren Chen and Liming Yu -- selective enforcement and treatment)**

      294.  *See* Paragraphs 141 through 143, *supra*.

**August 25, 2005 Incident (Jing Ren Chen, Jian Fa Fang, and Liming Yu -- selective enforcement)**

      295.  *See* Paragraphs 144 through 146, *supra*.

### ALL PLAINTIFFS

      296. All Defendants have singled out artists, particularly artists of Asian descent, and committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, while simultaneously allowing food vendors, general merchandise vendors and others to vend on the public streets and other public areas of the City of New York, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the

public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

297.  All Defendants committed the above actions and engaged in the conduct described above with regard to all of Plaintiffs' arrests and incidents, described in all preceding paragraphs, as well as other arrests and incidents, for the common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the public streets and other public areas of the City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

## COUNT I
(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL
SEIZURE/FALSE ARREST)

298.  Plaintiffs restate and realleges paragraphs 1-18, 19-24, 37-41, 55-61, 84-87, 93-97, 98-102, 113-116, 117-134, 151-155, 162-166, 167-171, 172-175, 185-190, 201-204, 214-218, 219-224, 228-234, 250-254, 255-260, 261-267, 268-275, 283-290, and 296-297 *in haec verba*.

299.  By the conduct alleged herein, Defendants City of New York, Michael Knopf, Christopher Donato, Robert Delhaye, Mark Dudziec, Patrick Quigley, Candida Pun, James Fills, James Cattrano, Timothy Gilroy, Marcos Ortiz, Cornelius O'Shea, Raymond Jansen, Robert Kurkowski, Police Officer Bukowski, Karen Ferrara, Elizabeth Loughran, Danielle DiMarco, Salvatore Randazzo, James Mundy, Javan Fasulo, Neal Leclerc, James Blake, Rudolph Guarnaccia, Michael Guarriello, Craig McCray, Brendan Meehan, Yvette Matthews, Matthew Teague, Thomas Grace, Thomas Garrity, Jason Andreula, and Frank Trovato deprived Plaintiffs Jing Ren Chen, Jian Fa Fang, Yue Wang, Wei Shen, Jicheng Yao, Liming Yu, Yutan Wang, and

76

Quanli Qi of their rights to be free from unlawful seizure, arrest, search, detention, and imprisonment, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

300.  The conduct of said Defendants, and each of them, deprived said Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:  The right of said Plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, the right of said Plaintiffs to freedom of expression under the First Amendment to the Constitution of the United States, and the rights of said Plaintiffs to equal protection and due process under the Fourteenth Amendment of the Constitution of the United States.

301.  Said acts or omissions, as alleged herein, were done by said Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving said Plaintiffs of their constitutional rights under the law.

302.  The conduct of said Defendants as described in paragraphs 1-18, 19-24, 37-41, 55-61, 84-87, 93-97, 98-102, 113-116, 117-134, 151-155, 162-166, 167-171, 172-175, 185-190, 201-204, 214-218, 219-224, 228-234, 250-254, 255-260, 261-267, 268-275, 283-290, and 296-297, *supra*, constituted violations of said Plaintiffs' civil and constitutional rights, illegal seizures and false arrests, and illegal deprivations of their rights to free expression.

303.  The acts, conduct and behavior of said Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.     Enter judgment for each Plaintiff named in Paragraph 448 above as and for compensatory damages in excess of $100,000.00.

b.     Enter judgment for each Plaintiff named in Paragraph 448 above as and for punitive damages in excess of $100,000.00.

c.     Grant equitable relief enjoining the Defendants named in Paragraph 299 above from unlawfully and discriminatorily arresting and/or issuing summonses to Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places, in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

d.     Enter judgment for attorneys fees and costs of this action.

e.     Each Plaintiff named in Paragraph 299 above demands trial by jury of all issues herein.

f.     Grant such other relief that law and justice requires.

## <u>COUNT II</u>
### (CIVIL RIGHTS - SELECTIVE ENFORCEMENT & TREATMENT; EQUAL PROTECTION)

304.  Plaintiffs restate and reallege paragraphs 1-18, 25-32, 33-36, 37-41, 42-46, 47-50, 51-54, 55-61, 62-65, 66-69, 70-73, 74-76, 77-79, 80-83, 84-87, 88-92, 93-97, 98-102, 103-105, 106-109, 110-112, 117-134, 135-137, 138-140, 141-143, 144-146, 147-150, 151-155, 156-158, 159-161, 162-166, 172-175, 176-178, 179-181, 182-184, 185-190, 191-193, 194-197, 198-200, 201-204, 205-207, 208-213, 219-224, 225-227, 228-234, 235-237, 238-245, 246-249,

250-254, 255-260, 261-267, 268-275, 280-282, 283-290, and 296-297 *in haec verba*.

305.   By the conduct described herein, all Plaintiffs were selectively ticketed, harassed, assaulted, and/or otherwise treated discriminatorily in a manner that other similarly situated non-Asian, non-artist vendors were not treated.  Plaintiffs have been improperly and unconstitutionally targeted by the Defendants named in Paragraph 306, *infra*, due to their being of Asian descent, and said Defendants' concerted action against First Amendment vendors has unconstitutionally impacted persons of Asian descent.  The conduct described in the Paragraphs named in Paragraph 453, *supra*, thus operates to deprive Plaintiffs' of their right to Equal Protection under the law as guaranteed by the Constitution of the United States.

306.  Defendants City of New York, Thomas Caramore, John Lane, Christopher Donato, Michael Johnston, Robert Kurkowski, Niguel Vega, Robert Delhaye, Robert Amarosa, Karen Ferrara, Daniel McNally, Charles Connors, John Reilly, Joseph Seminaro, Anthony Guerriero, Mark Dudziec, Patrick Quigley, Gregory Clifford, Momen Attia, James Fills, James Cattrano, Timothy Gilroy, Marcos Ortiz, Cornelius O'Shea, Raymond Jansen, Edward Skrzypek, Andrew Lopez, Mitchell Solarsh, James Famiano, Ron Batchelor, Police Officer Bukowski, Jason Lagnese, Brett Lewis, Danielle DiMarco, Carmine Fiore, Jeremy Eagan, Raymond Pennington, Salvator Randazzo, Paul Spano, Daniel Orlando, Gerard Collins, James Mundy, James Besmer, Ronald Perillo, Sukhjiwan Singh, Neal Leclerc, James Blake, Daniel Doody, Rudolph Guarnaccia, Michael Guarriello, Craig McCray, Edwin Santiago, Christopher Gahn, Robert Roman, Brendan Meehan, Yvette Matthews, Matthew Teague, Thomas Grace, Thomas Garrity, Jason Andreula, Alistair Bascom, and Frank Trovato selectively enforced laws and/or discriminated against all Plaintiffs by selectively ticketing, harassing, assaulting or otherwise

interfering with and mistreating Plaintiffs in violation of the First and Fourteenth Amendments of the United States Constitution.

307.  The acts, conduct and behavior of said Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which all Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.  Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.  Grant equitable relief enjoining said Defendants from selectively ticketing, assaulting, harassing, and/or otherwise discriminatorily interfering with Plaintiffs and/or other Asian vendors and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places, in violation of the First and Fourteenth Amendments of the United States Constitution.

d.  Enter judgment for attorneys fees and costs of this action.

e.  All Plaintiffs demand trial by jury of all issues herein.

f.  Grant such other relief that law and justice requires.

## COUNT III
### (CIVIL RIGHTS -- POLICY, PRACTICE AND/OR CUSTOM)

308.  Plaintiffs restate and reallege paragraphs 1 - 307 *in haec verba*.

309.  Each of the arrests and incidents of false arrest, selective enforcement, assault, harassment and interference of Plaintiffs were illegal and without authority of law.

310.  The conduct of all named Defendants as described in paragraphs 1 - 309, *supra*, were pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest and prosecute artists, and particularly artists of Asian descent, who lawfully distribute their work on the sidewalks of New York, in violation of said artists' rights under the First and Fourteenth Amendments of the United States Constitution. Said policy, practice, pattern, and custom is reflected not only in the herein Plaintiffs' multiple within arrests but in their prior illegal arrests and in the arrests of other artists as well as in Defendants' conduct.  The incidents described in the within Complaint are numerous enough and involve enough individual officers as well as artists of Asian descent to establish that Defendant City of New York is and has been engaged in a pattern of activity designed to deprive Plaintiffs and others similarly situated of their rights under the First and Fourteenth Amendments of the United States Constitution.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.    Grant equitable relief enjoining Defendants from arresting and/or issuing summonses in a selective and/or discriminatory manner to Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

c.      Grant equitable relief enjoining Defendants from selectively

ticketing, assaulting, harassing, and/or otherwise discriminatorily

interfering with Plaintiffs and/or other Asian vendors and/or other

street artists when they display their artwork in public places,

create their artwork in public places, and/or sell their artwork in

public places, in violation of the First and Fourteenth Amendments

of the United States Constitution.

d.      Enter judgment for attorneys fees and costs of this action.

e.      Each Plaintiff demands trial by jury of all issues herein.

f.      Grant such other relief that law and justice requires.

## COUNT IV
(CONTEMPT OF COURT)

311.  Plaintiffs restate and reallege paragraphs 214-218 and 219-224 *in haec verba*.

312.  Both of the incidents, arrests and prosecutions of Plaintiff Quanli Qi were illegal and without authority of law.

313.  The conduct of Defendants City of New York, Javan Fasulo, Neal Leclerc, and James Blake as described in paragraphs 214-218 and 219-224, *supra*, constituted willful and deliberate violations of the permanent injunction issued against Defendant City of New York by the Second Circuit Court of Appeals in the matter *Bery v. City of New York*, 97 F.3d 689 (2d Cir. 1996), *cert. denied*, 520 U.S. 1251 (1997), prohibiting Defendant City of New York from arresting and/or prosecuting artists who distributed their work on the sidewalks of New York City for Unlicensed General Vending, in violation of said artists' rights under the First and

82

Fourteenth Amendments of the United States Constitution.  Said conduct was engaged in by said

Defendants in defiance and wanton disregard of the injunction issued by the Second Circuit and

in an effort to thwart the free exercise by Plaintiff Quanli Qi of his First Amendment rights.

314.  The acts, conduct and behavior of Defendants City of New York, Javan

Fasulo, Neal Leclerc, and James Blake, and each of them, in disobeying the mandate of the

Second Circuit Court of Appeals, were performed knowingly, intentionally, and maliciously, and

without reasonable excuse, by reason of which Plaintiff Quanli Qi is entitled to an award of

punitive damages and sanctions.

WHEREFORE, Plaintiff Quanli Qi prays this Court:

a.   Enter judgment for Plaintiff Quanli Qi as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for Plaintiff Quanli Qi as and for punitive damages and sanctions in excess of $100,000.00.

c.   Grant equitable relief enjoining Defendants from arresting and/or issuing summonses for Unlicensed General Vending to Plaintiff Quanli Qi and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.   Enter judgment for attorneys fees and costs of this action.

e.   Plaintiff Quanli Qi demands trial by jury of all issues herein.

f.   Grant such other relief that law and justice requires.

**COUNT V**
(ABUSE OF PROCESS/FALSE ARREST -

SUPPLEMENTAL CLAIM)

315.  Plaintiffs restate and realleges paragraphs 1-18, 19-24, 37-41, 55-61, 84-87, 93-97, 98-102, 113-116, 117-134, 151-155, 162-166, 167-171, 172-175, 185-190, 201-204, 214-218, 219-224, 228-234, 250-254, 255-260, 261-267, 268-275, 283-290, and 296-297 *in haec verba*.

316.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

317.  Each of the incidents and arrests of Plaintiffs Jing Ren Chen, Jian Fa Fang, Yue Wang, Wei Shen, Jicheng Yao, Liming Yu, Yutan Wang, and Quanli Qi described in the paragraphs specified in paragraph 315, *supra*, above were illegal and without authority of law.

318.  The conduct of Defendants City of New York, Michael Knopf, Christopher Donato, Robert Delhaye, Mark Dudziec, Patrick Quigley, Candida Pun, James Fills, James Cattrano, Timothy Gilroy, Marcos Ortiz, Cornelius O'Shea, Raymond Jansen, Robert Kurkowski, Police Officer Bukowski, Karen Ferrara, Elizabeth Loughran, Danielle DiMarco, Salvatore Randazzo, James Mundy, Javan Fasulo, Neal Leclerc, James Blake, Rudolph Guarnaccia, Michael Guarriello, Craig McCray, Brendan Meehan, Yvette Matthews, Matthew Teague, Thomas Grace, Thomas Garrity, Jason Andreula, and Frank Trovato as described in said paragraph 315, *supra*, constituted false arrests and/or abuses of process of Plaintiffs.

319.  The amount of damages sought in each of these actions exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

84

a.    Enter judgment for each Plaintiff named in Paragraph 317 above as and for compensatory damages in excess of $100,000.00.

b.    Enter judgment for each Plaintiff named in Paragraph 317 above as and for punitive damages in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants named in Paragraph 318 above  from unlawfully arresting and/or issuing summonses to Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

d.    Enter judgment for attorneys fees and costs of this action.

e.    Each Plaintiff named in Paragraph 317 above demands trial by jury of all issues herein.

f.    Grant such other relief that law and justice requires.

## **COUNT VI**
### (VIOLATION OF NEW YORK STATE CONSTITUTION - SUPPLEMENTAL CLAIM)

320.  Plaintiffs restate and reallege paragraphs 1 - 319 *in haec verba*.

321.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

322.  Each of the arrests and other incidents involving Plaintiffs were illegal and without authority of law.

323.  The conduct of all named Defendants as described in paragraphs 1 - 322, *supra*, constituted violations of New York State constitutional law in that Defendants

85

intentionally and deliberately interfered with Plaintiffs' rights under Article 1 Section 8 of the

Constitution of the State of New York guaranteeing freedom of speech and expression;

Plaintiffs' rights under Article 1 Section 11 of the Constitution of the State of New York

guaranteeing equal protection under the law; and Plaintiffs' rights under Article 1 Section 12 of

the Constitution of the State of New York guaranteeing the right to be secure in their persons and

property against unreasonable searches and seizures.

324.  The amount of damages sought exceeds the jurisdictional limits of all lower

New York State Courts which would otherwise have jurisdiction if this action had been brought

in State Court.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory

damages in excess of $100,000.00.

b.  Enter judgment for each Plaintiff as and for punitive damages in

excess of $100,000.00.

c.  Grant equitable relief enjoining Defendants from unlawfully

arresting and/or issuing summonses to Plaintiffs and/or other Asian

vendors and/or other street artists who display their artwork in

public places, create their artwork in public places, and/or sell their

artwork in public places, in violation of Article 1 Section 8, Article

1 Section 11, and/or Article 1 Section 12 of the New York State

Constitution.

d.  Grant equitable relief enjoining Defendants from interfering with

and/or trying to interfere with Plaintiffs and/or other Asian vendors and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

e.      Enter judgment for attorneys fees and costs of this action.

f.      Each Plaintiff demands trial by jury of all issues herein.

g.      Grant such other relief that law and justice requires.

**COUNT VII**
(CONVERSION -
SUPPLEMENTAL CLAIM)

325.   Plaintiffs restate and reallege paragraphs 25-32, 47-50, and 238-245 *in haec verba*.

326.   This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

327.   Each of the incidents regarding the conversion of property belonging to Plaintiffs Yue Wang, Wei Shen, and Jian Fa Fang were illegal and without authority of law.

328.   The conduct of Defendants City of New York, Thomas Caramore, Robert Kurkowski, Edwin Santiago and Christopher Gahn as described in paragraphs 25-32, 47-50, and 238-245, *supra*, constituted conversions in that said Defendants intentionally, deliberately and without legal justification took Plaintiffs' property from Plaintiffs and/or caused others to take Plaintiffs' property and/or damaged and/or failed to return Plaintiffs' property to Plaintiffs, all in violation of the laws of the State of New York.

329.   The amount of damages sought exceeds the jurisdictional limits of all lower

New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiffs Yue Wang, Wei Shen, and Jian Fa Fang pray this Court:

a.   Enter judgment for each of Plaintiffs Yue Wang, Wei Shen, and Jian Fa Fang as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for each of Plaintiffs Yue Wang, Wei Shen, and Jian Fa Fang as and for punitive damages in excess of $100,000.00.

c.   Enter judgment for attorneys fees and costs of this action.

d.   Each Plaintiff demands trial by jury of all issues herein.

e.   Grant such other relief that law and justice requires.

## COUNT VIII
(ASSAULT-
SUPPLEMENTAL CLAIM)

330.  Plaintiffs restate and reallege paragraphs 25-32, 117-134, 238-245, and 268-275 *in haec verba*.

331.  This action has been commenced within one year and 90 days after the causes of action of Plaintiffs accrued.

332.  Upon information and belief, at all times relevant hereto, the Defendant City of New York and the New York City Police Department employed the police officers and others material hereto.

333.  The conduct of Defendants City of New York, Thomas Caramore, James Fills, James Cattrano, Timothy Gilroy, Marcos Ortiz, Cornelius O'Shea, Raymond Jansen, Edwin Santiago, Christopher Gahn and Christopher Donato, as described in paragraphs 25-32, 117-134, 238-245, and 268-275, *supra*, constituted assaults of Plaintiffs Yue Wang, Jing Ren Chen, Jian Fa Fang, and Liming Yu.

334.  Each of the assaults of Plaintiffs Yue Wang, Jing Ren Chen, Jian Fa Fang, and Liming Yu were illegal and without authority of law.

335.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiffs Yue Wang, Jing Ren Chen, Jian Fa Fang, and Liming Yu pray this Court:

    a.    Enter judgment for each of Plaintiffs Yue Wang, Jing Ren Chen, Jian Fa Fang, and Liming Yu as and for compensatory damages in excess of $100,000.00.

    b.    Enter judgment for each of Plaintiffs Yue Wang, Jing Ren Chen, Jian Fa Fang, and Liming Yu as and for punitive damages in excess of $100,000.00.

    c.    Enter judgment for attorneys fees and costs of this action.

    d.    Each Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## **COUNT IX**
(INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS -

SUPPLEMENTAL CLAIM)

336.  Plaintiff Wei Shen restates and realleges paragraphs 47-50 *in haec verba*.

337.  This action has been commenced within one year and 90 days after the causes of action of Plaintiff Wei Shen accrued.

338.  The conduct of named Defendants City of New York and Robert Kurkowski as described in paragraphs 47-50, *supra*, constituted interference with business and contractual relations in that Defendants intentionally, deliberately, maliciously and without legal justification interfered with Plaintiff Wei Shen's business and contractual relations with a third party and/or caused others to interfere with Plaintiff's business and contractual relations with a third party, all in violation of the laws of the State of New York.

339.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff Wei Shen prays this Court:

a.      Enter judgment for Plaintiff Wei Shen as and for compensatory damages in excess of $100,000.00.

b.      Enter judgment for Plaintiff Wei Shen as and for punitive damages in excess of $100,000.00.

c.      Enter judgment for attorneys fees and costs of this action.

d.      Plaintiff Wei Shen demands trial by jury of all issues herein.

e.      Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

Dated: New York, New York      S/ Donald E. Cameron
      March 20, 2009            DONALD E. CAMERON (DC 9565)
                                    LAW OFFICES OF DONALD E. CAMERON
                                    Attorney for Plaintiffs
                                    139 Fulton Street, Suite 903
                                    New York, New York 10038
                                    (212) 233-3348
                                    declawyer@cs.com

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify that a true copy of the foregoing Amended Complaint, dated March 20, 2009, was served personally this 23rd day of June, 2009, on the following counsel, at the location noted below:

     MICHAEL A. CARDOZO
     Corporation Counsel
     of the City of New York
     100 Church Street
     New York, New York 10007
     Att'n: Mary T. O'Flynn, ACC

     S/ Judith E. Stein
     JUDITH E. STEIN, Esq. (JS 4531)
     LAW OFFICES OF DONALD E. CAMERON
     DONALD E. CAMERON (DC 9565)
     Attorney for Plaintiffs
     139 Fulton Street, Suite 903
     New York, New York 10038
     (212) 233-3348

2005 CIV.  4679 (AKH)
**ECF CASE**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUE WANG (aka Yugi Wang and Tue Wang), WEI SHEN, JICHENG YAO, JING REN CHEN (aka Baozhong Li), YUTAN WANG (aka Yu Tan Wang, Yu Wang, Tan Yu Wang, Yu T Wang, Yu Tang Wang), XIANGDONG ZHENG (aka Xiang Dong Zheng), TAO SHEN (aka Tom Chang), QUANLI QI (aka Quan Li Qi), JIAN FA FANG, and LIMING YU,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER THOMAS CARAMORE (Shield # 21710), POLICE OFFICER MICHAEL JOHNSTON (Tax Registry # 895585), POLICE OFFICER ROBERT KURKOWSKI (Shield # 31901), POLICE OFFICER NIGUEL VEGA (Tax Registry # 933448), POLICE OFFICER NEAL LECLERC (Shield # 02961), POLICE OFFICER KAREN FERRARA (Tax Registry # 933776), POLICE OFFICER DANIEL McNALLY (Tax Registry # 933987), POLICE OFFICER CHARLES CONNORS (Tax Registry # 889785), POLICE OFFICER JOHN REILLY (Tax Registry # 934101), POLICE OFFICER MARK DUDZIEC (Tax Registry # 885563), POLICE OFFICER PATRICK QUIGLEY (Tax Registry # 934081), POLICE OFFICER MICHAEL KNOPF (Tax Registry # 920470), POLICE OFFICER JOHN LANE (Tax Registry # 935157), POLICE OFFICER CHRISTOPHER DONATO (Tax Registry # 934322), POLICE OFFICER ROBERT DELHAYE (Tax Registry # 897318), POLICE OFFICER ROBERT AMAROSA (Tax Registry # 895169), POLICE OFFICER JOSEPH SEMINARO (Tax Registry # 935723), POLICE OFFICER ANTHONY GUERRIERO (Tax Registry # 934976), POLICE OFFICER GREGORY CLIFFORD (Tax Registry # 934655), POLICE OFFICER MOMEN ATTIA (Tax Registry # 932277), POLICE OFFICER CANDIDA PUN (Tax Registry # 935543), POLICE OFFICER JAMES FILLS (Tax Registry # 936068), POLICE OFFICER JAMES CATTRANO (Tax Registry # 895282; Shield # 10504), POLICE OFFICER TIMOTHY GILROY (Tax Registry # 936666; Shield # 22174), POLICE OFFICER MARCOS ORTIZ (Tax Registry # 937228; Shield # 19683), POLICE OFFICER CORNELIUS O'SHEA (Shield # 10319), LIEUTENANT RAYMOND JANSEN (Tax Registry # 914431), POLICE OFFICER EDWARD SKRZYPEK (Shield # 6333), SERGEANT ANDREW LOPEZ (Shield # 123), POLICE OFFICER MITCHELL SOLARSH (Tax Registry # 937568; Shield # 2053), POLICE OFFICER JAMES FAMIANO (Tax Registry # 936568; Shield # 7548), POLICE OFFICER RON BATCHELOR (Tax Registry # 917286), POLICE OFFICER BUKOWSKI, POLICE OFFICER JASON LAGNESE (Tax Registry # 930523), POLICE OFFICER BRETT LEWIS (Tax Registry # 904361), POLICE OFFICER ELIZABETH LOUGHRAN (Tax Registry # 933947), POLICE OFFICER DANIELLE DiMARCO (Tax Registry # 934301), POLICE OFFICER CARMINE FIORE (Tax Registry # 933779), POLICE OFFICER JEREMY EAGAN (Tax Registry # 928231), POLICE OFFICER RAYMOND PENNINGTON (Tax Registry # 934051), POLICE OFFICER SALVATOR RANDAZZO (Shield # 10356; Tax Registry # 934096), POLICE OFFICER PAUL SPANO (Tax Registry # 916735), POLICE OFFICER DANIEL ORLANDO (Tax Registry # 935435), POLICE OFFICER GERARD COLLINS (Tax Registry # 934668), POLICE OFFICER JAMES MUNDY (Tax Registry # 935368; Shield # 13303), POLICE OFFICER JAMES BESMER (Tax Registry # 934489; Shield # 3021), POLICE OFFICER SUKHJIWAN SINGH (Tax Registry # 929178), POLICE OFFICER RONALD PERILLO (Tax Registry # 927346), POLICE OFFICER JAVAN FASULO (Tax Registry # 914633), POLICE OFFICER DANIEL DOODY (Tax Registry # 906140), POLICE OFFICER RUDOLPH GUARNACCIA (Tax Registry # 917724; Shield # 8793), POLICE OFFICER MICHAEL GUARRIELLO (Shield # 22940), SERGEANT CRAIG McCRAY (Shield # 4811), POLICE OFFICER EDWIN SANTIAGO (Shield # 12719), SERGEANT CHRISTOPHER GAHN (Shield # 3842), POLICE OFFICER ROBERT ROMAN (Tax Registry # 934129), POLICE OFFICER ALISTAIR BASCOM (Tax Registry # 932301), DETECTIVE JAMES BLAKE (Shield # 05884), POLICE OFFICER BRENDAN MEEHAN (Tax Registry # 933012; Shield # 30563), POLICE OFFICER YVETTE MATTHEWS (Shield # 7929), POLICE OFFICER MATTHEW TEAGUE (Shield # 31662), POLICE OFFICER THOMAS GRACE (Tax Registry # 933817; Shield # 1436), POLICE OFFICER THOMAS GARRITY (Shield # 7734), POLICE OFFICER JASON ANDREULA (Tax Registry # 923510), and POLICE OFFICER FRANK TROVATO (Tax Registry # 896058),

Defendants.

---

**AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

---

DONALD E. CAMERON (DC 9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiffs
139 Fulton Street, Suite 903
New York, New York 10038
(212) 233-3348
declawyer@cs.com

Dated:   New York, New York
March 20, 2009